Tomlinson v. Tomlinson.

No. 26,534.

ERNEST TOMLINSON, *Appellee,* v. JESSIE TOMLINSON, *Appellee,*
EMMA B. FERGUS, *Appellant.*

SYLLABUS BY THE COURT.

1. DIVORCE—*Judgment—Collateral Attack—Presumption in Favor of Decree.*
In an attack upon a judgment granting a divorce on the ground that the
court was without jurisdiction to render it because of the nonresidence of
plaintiff, and that an affidavit to obtain service by publication was not filed
as the statute requires, and where the judgment recited that the jurisdic-
tional facts were established, every presumption is in favor of the jurisdic-
tion of the court, and it devolves on the one attacking the jurisdiction to
make clear and affirmative proof of facts showing the lack of jurisdiction.

2. SAME—*Residence of Parties—Evidence.* The evidence relating to the resi-
dence of plaintiff is held to be sufficient to sustain the finding of the court
that the plaintiff was a resident of the state and the county in which the
action was brought for more than one year next preceding the filing of his
petition.

3. SAME—*Affidavit for Service by Publication—Proof of Filing.* The proof is
held to be sufficient to sustain a finding that the affidavit for service by
publication was made and duly filed as required by the statute.

4. SAME—*Filing of Affidavit—Effect of Omission of Officer to Indorse.* An in-
dorsement on a paper is not an essential act of filing, and it is deemed to
be filed when it is delivered to and received by the proper officer to be kept
on file. A party who delivers a paper to the officer for filing is not to be
prejudiced by the omission or failure of the officer to make an indorsement
thereon and to keep it in the records.

5. SAME—*Petition and Publication Notice—Evidence of Sending to Defendant.*
The evidence examined and held to be sufficient to uphold the finding that
a copy of the petition for divorce with the copy of the publication notice
attached was sent to the defendant in the manner and time required by the
statute.

Appeal from Lyon district court; ISAAC T. RICHARDSON, judge. Opinion
filed June 12, 1926. Affirmed.

*W. C. Roberts,* of Emporia, and *J. G. Hutchinson,* of Kansas City, Mo., for
the appellant.
*Lon C. McCarty* and *Owen S. Samuel,* both of Emporia, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal involves a ruling of the district
court refusing to set aside a judgment purporting to dissolve the

Divorce, 19 C. J. pp. 29 n. 72, 102 n. 11, 171 n. 91, 174 n. 54, 176 n. 68. Records,
34 Cyc. p. 587 n. 25.

Tomlinson v. Tomlinson.

marriage relation which had existed between Ernest Tomlinson and Jessie Tomlinson.

They were married in July, 1918, and on November 8, 1920, on the petition of Ernest Tomlinson and the proof made, the decree of divorce was entered. Jessie Tomlinson filed no answer and made no resistance to the granting of the decree. About two years after the divorce was granted she married another man, and thus recognized the validity of the divorce. Following the decree of divorce and after the expiration of six months, Ernest Tomlinson intermarried with Anna M. Power. At the time of this marriage she owned property in Lyon county, Kansas. She died intestate on May 24, 1924, and there being no issue from the marriage Ernest Tomlinson, the husband, claimed that the property of which she died seized descended to him. On April 15, 1925, Emma B. Fergus, attempted to intervene in the divorce proceeding of 1920 by filing a motion to set aside the judgment of divorce upon the ground that it was granted without jurisdiction, in that Ernest Tomlinson was not a resident of Lyon county, when the divorce was granted, but was a resident of the state of California, and on the further ground that there was no personal service of summons, but only an attempted service by publication, and that the plaintiff failed to file an affidavit for publication as required by statute before attempting to get publication service upon Jessie Tomlinson.

Emma B. Fergus, the intervener, was not a party to the divorce action and had no interest in the property when the divorce was granted. She claims the right to intervene and set aside the decree of divorce upon the ground that she is a cousin and heir of Anna M. Power, the second wife of Tomlinson, who died leaving an estate of $14,000. She alleged that Ernest Tomlinson was never in fact the husband of her aunt, Anna, because he had a living wife, from whom he had not been legally divorced, and that Anna not being his legal wife her property did not descend to him. One ground of attack is that he was not a resident of Kansas when the divorce proceeding was instituted, and for that reason the court was without jurisdiction to entertain the action or dissolve the marriage relation. Her attack on the judgment is necessarily collateral, as she was not a party to the divorce proceeding, and had no interest in the property when the divorce was granted. On its face the judgment of divorce was regular and valid, reciting as it did the necessary jurisdictional facts as to residence and as to service upon the defendant. Every presumption is in favor of the jurisdiction of a court of gen-

eral jurisdiction, and anyone attacking the jurisdiction is required to show clearly and affirmatively the facts which overcome the presumption and establish the lack of power in the court. (*Butcher v. Bank of Brownsville*, 2 Kan. 70; *Carey v. Reeves*, 32 Kan. 718, 5 Pac. 22.) It has been held that:

"Where the jurisdiction of the court depends upon a fact which the court is required to ascertain and decide, its judgment determining that a fact does exist is conclusive evidence of jurisdiction until set aside or reversed by a direct proceeding." (*In re Wallace*, 75 Kan. 432, 89 Pac. 687.)

In the present proceeding it must be assumed that the trial court found that the plaintiff in the action was a resident of the state, and that due service was made upon the defendant and all steps necessary to give the court jurisdiction were taken. In respect to residence, Emma B. Fergus offered testimony to the effect that Tomlinson and his wife, Jessie, went to Colorado where they remained for a number of months and later went to California. Some circumstances and expressions were brought forward tending to show a change of residence. In behalf of Tomlinson testimony was produced to the effect that his absence from Kansas was temporary, that he retained his home in Emporia in which household goods were kept, and that he returned several times to his home. There was also testimony that he was sick and went west in search of health, and that it never was his intention to abandon a residence in Kansas and acquire another in either Colorado or California. That he was a resident of Kansas was adjudicated in the divorce action wherein plaintiff was required to plead and prove actual residence for a year preceding the application for divorce, and on the proof offered the court found the requisite residence. It had authority to take evidence and determine the question, and if the testimony was weak or even false it would not follow that its finding was void or that it lacked the jurisdiction to decide the disputed question. (*Blair v. Blair*, 96 Kan. 757, 153 Pac. 544.) Much conflicting evidence as to residence was produced in the present proceeding, but the court settled that dispute as appears from the following finding:

"That the proceeding in said cause was regular; that the plaintiff was, at the time of the filing of said divorce proceeding, a *bona fide* resident of Lyon county, Kansas, and had been for more than one year prior thereto. That for the purposes of recovering his health, plaintiff had been absent from his home in Emporia, Kansas, at various times during the year preceding the filing of said divorce suit, and that plaintiff's wife, during the said year pre-

ceding the filing of said divorce suit, actually removed her effects from the state of Kansas, to wit, at various places, and finally to Long Beach, California; that the plaintiff, at such times as he was absent from his home in Emporia, as aforesaid, lodged with his wife at various places at which she took up her abode; that during such times they never stopped at any one place to exceed two months, and, except for one time, they never stopped at any one place to exceed one month."

There is abundant support in the testimony for this finding.

Another ground of attack is based on the claim that no affidavit for service by publication was filed before publication, and also that the plaintiff did not send a copy of the petition with the publication to the defendant. That publication was made is not denied, and there was evidence tending to show that a copy of the petition with the publication attached was sent to the defendant. However, no affidavit for publication was found among the files and papers of the case, and it is insisted that an affidavit is the foundation upon which jurisdiction is obtained, and if none was filed all subsequent proceedings, including the judgment, were void and of no effect. The clerk of the district court testified that no entry of the filing of an affidavit had been made in the appearance docket, and that none was filed by him. He stated further that the affidavit might have been brought to the office and left for filing, but he had no recollection of it and thought it improbable. On the other hand, there was proof in behalf of plaintiff that the petition and affidavit was prepared by plaintiff's attorney, after which plaintiff and his attorney carried both to the clerk's office, where the affidavit was signed and sworn to by the plaintiff and left with the clerk. His testimony was supported by that of his attorney, who stated that he prepared the affidavit and petition and brought them to the clerk's office in company with plaintiff, where Tomlinson signed and swore to the affidavit and left it with the clerk to file. A finding was made by the trial court that the petition and affidavit for service by publication were brought to the clerk's office and left with that officer. It appears that the absence of the affidavit from the files was brought to the attention of the plaintiff in October, 1924, whereupon a motion was made by him in the district court reciting the filing of the affidavit, and that it had been lost, or could not be found, and asking the correction and completion of the record in that respect. Upon a hearing of the motion and testimony produced, the court at that time found that the affidavit was in fact made, sworn to and filed, and the record was accordingly corrected.

14—121 Kan.

Tomlinson v. Tomlinson.

Aside from the order correcting and completing the record so as to make it speak the truth in respect to the affidavit, which was clearly within the power of the court, the fact that the affidavit was made and filed was sufficiently established by the evidence in this proceeding. It may not have been indorsed as filed when left for filing with the clerk, but the mere indorsement is not an essential act of the filing. A paper is deemed to be filed when it is delivered to the proper officer and received by him to be kept on file. Parties who deliver a paper to the officer for filing should not be prejudiced by the omission of the officer to indorse and preserve it. (*Wilkinson v. Elliott,* 43 Kan. 590, 23 Pac. 614; *Implement Co. v. Parlin & Orendorff Co.,* 51 Kan. 566, 33 Pac. 363; *Rathburn v. Hamilton,* 53 Kan. 470, 37 Pac. 20.) The evidence warranted the finding by the court that the affidavit was filed. While the affidavit is necessary to obtain service by publication, the important thing is the giving of notice to the defendant of the beginning of the action. It is the publication that is designed to give notice, and as we have seen publication was made, a copy of which was brought to the notice of the defendant.

There is a claim that copies of the petition and publication notice were not sent to the defendant, but there was evidence tending to show that the copies were sent by plaintiff, and besides, the attorney for plaintiff addressed a letter to defendant with copy of the petition suggesting the entry of appearance, the employment of an attorney and the filing of an answer as she might desire, and he also advised her when the case would come on for trial. It is also in evidence that a letter was written by her to plaintiff acknowledging the receipt of the papers and saying in substance to go ahead and get the divorce, the sooner the better, as she did not intend to live with him again. After the divorce was granted, defendant wrote to the clerk, making inquiry about the divorce, and he replied that the decree had been granted, giving the date thereof, and that all the papers had been legally served. The defendant, as has been stated, is not challenging the legality of the service or the validity of the decree, but has recognized that she was duly divorced from plaintiff by her subsequent marriage to one, Simms. In her motion, Emma B. Fergus would place her aunt, the defendant, in a bigamous relation with the plaintiff, and also with her present husband, Simms. The decision of the trial court acquits the defendant of that charge.

Our conclusion is that the divorce was valid, and therefore the judgment of the court is affirmed.