WHEELER CONDENSER AND ENGINEERING COMPANY *vs.* THOMAS E. LIBBY.

Suffolk.   November 18, 1918. — January 3, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Deceit.   Contract,* Construction.

A contract in writing for the purchase of machinery provided that the seller should furnish and deliver the machinery to the purchaser "within four weeks after approval of drawings" at a price named, and that payments were "to be made in four months' notes bearing interest at 6% — notes to be secured by Purchasers' bonds held by and guaranteed by" a certain corporation. *Held,* that this did not constitute a representation that, at the time when the contract was made, there were bonds of the purchaser held by and guaranteed by the corporation designated, but constituted a promise that, when the notes of the purchaser were issued, such bonds would be ready for delivery as security.

It therefore further was *held* that, the contract containing no representation of the existence of such bonds at the time when it was made, an action for deceit could not be maintained against one who signed the contract on behalf of the purchaser, based on the allegation that when the contract was signed the bonds were not in existence.

TORT for deceit, as described in the opinion. Writ dated August 21, 1916.

In the Superior Court the action was tried before *McLaughlin,* J. Material evidence is described in the opinion. At the close of the evidence, on motion of the defendant, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*P. M. Lewis,* for the plaintiff.

*H. L. Barrett,* for the defendant.

PIERCE, J. This is an action of deceit to recover damages from the defendant suffered by the plaintiff by reason of its reliance upon certain alleged false representations of fact contained in a written contract between the plaintiff and the Vinal Haven Electric Power Company.

The instrument of agreement was in the form of a proposal "to furnish and deliver . . . within four weeks after approval of drawings, the machinery described in the schedule and specifications attached hereto and made a part hereof, at the price named in said schedule." February 1, 1915, the proposal was accepted and signed "Vinal Haven Electric Power Co. T. E. Libby, Treas." and February 5, 1915, it became operative as a contract when signed "Wheeler Condenser and Engineering Company, Approved, . . . By Thos. Bostocke, Treas." The machinery referred to in the contract was shipped by the plaintiff to the defendant, was duly delivered, and it is admitted that the prices specified in the contract were reasonable.

The contract provided that "Payments [were] to be made in four months' notes bearing interest at 6% — notes to be secured by Purchasers' bonds held by and guaranteed by Liggett, Hitchborn & Co. Inc." After the delivery of the machinery the purchaser sent the seller two notes, to cover the first payment of fifty per cent and the second payment of thirty per cent, and never sent a note to cover the remaining twenty per cent. It did not send with either note its bonds and the plaintiff has been unable to collect anything on the notes. It was admitted that no bonds of the Vinal Haven Electric Power Company were held by or guaranteed by Liggett, Hitchborn & Co. Inc., at the time the contract was signed. The evidence would warrant a finding that no bonds were in existence when the contract was signed

or at the time when the notes were, and were to be, delivered to the plaintiff.

We think the clause "Payments to be made in four months' notes bearing interest at 6% — notes to be secured by Purchasers' bonds held by and guaranteed by Liggett, Hitchborn & Co. Inc." as a matter of interpretation must be read connectively, and that, so read, they constitute a promise to have bonds "held by and guaranteed by Liggett, Hitchborn & Co. Inc." ready for delivery to the plaintiff as security for the notes which were to be given by Vinal Haven Electric Power Company to the plaintiff, should the plaintiff "within four weeks after approval of drawings" furnish and deliver the machinery described in the schedule and specifications "f. o. b. cars Carteret, N. J." It follows that when the contract became operative the quoted words cannot be construed to have been a representation that the bonds were then in physical existence, or, if so, that they then were held and guaranteed by Liggett, Hitchborn & Co. Inc. *Brown* v. *C. A. Pierce & Co.* 229 Mass. 44, 47. *Dawe* v. *Morris*, 149 Mass. 188, 191. *Knowlton* v. *Keenan*, 146 Mass. 86, 88.

*Exceptions overruled.*