STATE OF INDIANA *v.* BLYSTONE.

[No. 24,632.   Filed June 28, 1928.]

*U. S. Lesh*, Attorney-General, *Paul E. Laymon, Arnet B. Cronk* and *Carl Wilde*, for the State.

MYERS, C. J.—On November 13, 1923, appellee, in the court below, was, by indictment, charged with possessing a certain still, device and property for the manufacture of intoxicating liquor, intended for use in violation of the laws of this state. Acts 1923 p. 107, §1. On February 9, 1924, appellee moved the court to quash the search warrant issued July 30, 1923, and to suppress the evidence obtained thereby, which motion the state unsuccessfully sought to have appellee make more specific. On February 11, 1924, the state's motion to strike out and dismiss appellee's motion to quash and suppress evidence was overruled, and thereupon the state answered by a general denial and by an affirmative answer in bar of the motion to quash. The issue thus joined was submitted to the court for trial and, upon the evidence heard, the court found for appellee, sustained his motion to quash the search warrant, and suppressed the evidence thus obtained. Appellee was then arraigned, and upon his plea of not guilty, the cause was submitted to a jury for trial, and, at the close of the state's evidence, the court instructed the jury to find for the defendant. The jury returned a verdict of not guilty. The state appealed, and in this court relies solely upon the assigned error of the court in sustaining appellee's petition to quash the search warrant and in suppressing the evidence obtained by means of the search warrant.

Appellee has not favored us with a brief, but, from his motion to quash and from appellant's brief, we learn that the question submitted to the court for trial and material to this appeal was: Did the mayor of Frankfort issue the search warrant in question upon a showing of probable cause?

The only evidence introduced tending to show probable cause was the affidavit of a police officer, stating that he had reason to believe and did believe that this appellee

had in his possession intoxicating liquor kept with intent to sell, and that he had in his possession stills, implements, devices and property kept for the manufacture of intoxicating liquor intended for use in violation of the laws of the state, and, upon this affidavit alone, the search warrant in question was issued by the mayor of Frankfort.

The question thus presented has been decided adversely to the state's contention. *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657. Upon the authority of that case, the judgment in the instant case is affirmed.

Martin and Gemmill, J. J., dissent.

### DISSENTING OPINION.

MARTIN, J.—I respectfully dissent for two reasons. I believe: (1) That the majority of the court was in error in *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657, the authority upon which the decision herein is based, and that the same should be overruled; and (2) that the question presented here is different from that stated in the prevailing opinion and that such question is not settled adversely to the state by the Wallace case.

From a careful examination of the record it appears that the question: "Did the Mayor of Frankfort issue the search warrant in question upon a showing of probable cause?" was not the one presented by appellee to the trial court, but that objections, made in his motion to quash, raised only the question of the sufficiency of the *affidavit* for the search warrant. Among other reasons, appellee, in his said motion, alleged that the affidavit did not set forth any facts constituting probable cause, was not based upon personal knowledge, did not particularly describe the place to be searched or the property and things to be searched for—but there were no allegations, as in the Wallace case that there was no hearing of evidence by the issuing magistrate and that

he received no statement of facts under oath or affirmation of the ground or reasons to show probable cause, other than the affidavit, which was upon information and belief. The Wallace case did not decide that an affidavit for a search warrant upon information and belief was invalid but that a writ, based "wholly . . . only and solely" upon such an affidavit and "not on any other additional facts or information whatever" was invalid.

In opposition to the motion to quash for reasons which did not question more than the sufficiency of the affidavit for the search warrant, it was not incumbent upon the state to show what evidence the Mayor had before him at the time he issued the warrant. The affidavit was shown to be in all things sufficient and correct, and I believe the lower court erred in sustaining the motion to quash.

Gemmill, J., concurs.