## CHANDSIE v. STATE OF INDIANA.

[No. 25,616. Filed October 26, 1928. Rehearing denied January 25, 1929.]

*M. L. Clawson,* for appellant.

*Arthur L. Gilliom* and *James M. Ogden,* Attorneys-General, *Harry L. Gause* and *E. Burke Walker,* Deputy Attorneys-General, for the State.

MARTIN, J.—Appellant, who was charged by affidavit with the unlawful transportation of intoxicating liquors in an automobile under §7, ch. 48, Acts 1925, §2720 Burns 1926, tried by the court, found guilty, fined $100 and costs and sentenced to imprisonment in the Indiana State Prison, assigns as error the overruling of his motion for a new trial in which he contended that the finding of the court was not sustained by sufficient evidence.

Appellant was arrested at 4 a. m. December 29, 1927, on the Lafayette Pike between Traders Point and Flackville. At a high rate of speed in a heavily-loaded Lincoln automobile and with curtains drawn, he passed two deputy sheriffs who were sitting on the side of the road. The sheriffs pursued him, driving up to between eighty-five and ninety miles per hour before they could catch him, measured his speed at about seventy miles per hour with a speedometer, stopped him and placed him under arrest for speeding. They said to him, "Hermie, how much have you got?" to which he answered, "Two hundred and ten gallons." They said "sugar or grain," and he answered "sugar," and told them he was taking it through to Louisville, Kentucky. They found in his car 210 gallons of sugar alcohol. The city chemist of the city of Indianapolis testified that, in his opinion, the liquid submitted to him for analysis (a one-gallon tin can of the liquor found in the car) was sugar alcohol. He testified that its alcoholic content was "88-90 by volume" and, from his detailed explanation of the process he used in testing it for alcoholic content, it definitely appears that this referred to the "alcoholic percentage" of the liquor, i. e., that it was composed of between eighty-eight per cent. and ninety per cent. alcohol by volume, and that it was drinkable as a beverage.

The appellant contends that "there is a total want of evidence: (1) That the liquids were intoxicating or contained as much as one-half of one per cent. of alcohol by volume; or (2) that they were transferred from one place to another by appellant; or (3) were intended for beverage purposes."

Appellant's contentions that sugar alcohol or alcohol "is not a vinous or spirituous liquor," "is not . . . liquor of any kind," "is incapable of use as a beverage," etc., have all been considered

by the court and settled adversely to appellant in *Hall v. State* (1928), *ante* 159, 162 N. E. 51, where it was held that alcohol is intoxicating liquor.

Appellant claims that the evidence does not show that his act was within the definition of the word "transport" made by this court in *Hammell v. State* (1926), 198 Ind. 45, 152 N. E. 161, and in *Asher v. State* (1924), 194 Ind. 553, 143 N. E. 513, viz., "to carry or convey from one place to another." We hold that the evidence set out above shows that the appellant transported intoxicating liquor by carrying and conveying it from one place to another.

Appellant's third contention is made under the assumption that the rule stated in *Bernstein v. State* (1928), 199 Ind. 704, 160 N. E. 296, and *Hedges v. State* (1924) 194 Ind. 122, 142 N. E. 13, with reference to those liquors contained in the second and third divisions of the definition of intoxicating liquor given in §2715 Burns 1926 (see, also, *Ver Wilst v. State* [1928], *ante* 30, 161 N. E. 249, 251), is applicable to alcohol. The rule stated in the Bernstein and Hedges cases requiring allegations and proof that the liquid is "reasonably likely or intended to be used as a beverage" does not apply here, since alcohol is included in the first division of the definition, viz., "all malt, vinous or spirituous liquors containing as much as one-half of one per cent. of alcohol by volume." *Hall v. State, supra.*

For the reason that the court (in *Hall v. State, supra,*) recently considered at length and decided the exact questions raised in this case, appellant's petition for an oral argument is denied.

Judgment affirmed.