SHEPHERD ET AL. *v.* STATE OF INDIANA.

[No. 25,354.   Filed December 13, 1928.]

*William D. Hardy,* for appellants.

Arthur L. Gilliom, Attorney-General, and Harry L. Gause, Deputy Attorney-General, for the State.

MARTIN, C. J.—Appellants, husband and wife, were convicted and sentenced for maintaining a common nuisance under §24, ch. 48, Acts 1925, §2740 Burns 1926. They have assigned as error the overruling of their several motions for a new trial, in each of which motions more than twenty causes are alleged, but it will not be necessary to consider all of them.

The evidence consisted of a quantity of intoxicating liquor obtained by a search of appellants' premises under a search warrant, of certain statements made by appellant Ruth Shepherd while quarreling with the officers during the search, and the testimony of eleven witnesses, one of whom was appellant Boyd Shepherd's sister, as follows: that they knew appellants, were acquainted with the place appellants lived and acquainted generally with the people who live in that neighborhood and with the general reputation of appellant's place as to its being a place where intoxicating liquor was kept and sold and as to its being a place where people were permitted to resort for the purpose of drinking intoxicating liquor, and that such reputation was bad.

The affidavit upon which the search warrant was issued was made upon information and belief in the form prescribed by the statute (§2086 Burns 1926); the issuing magistrate testified that he first saw the affidavit five minutes before he issued the search warrant, and the trial court sustained the state's objection to a question asking whether that was all the evidence before the mayor, and the defendant offered to prove that the affidavit was all the evidence before the mayor. Under the rule announced in *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657, there was not such a showing here of probable cause as justified the issuance

of the search warrant, and the court erred in admitting the evidence obtained by virtue thereof. With this evidence eliminated, there is not sufficient evidence remaining in the record to sustain the verdict, all the other evidence proving only that the premises bore a bad reputation as a place where liquor was kept and sold and as a place where persons were permitted to resort for the purpose of drinking intoxicating liquor. Such evidence is competent but is not alone sufficient to sustain the conviction. *Klysz* v. *State* (1928), *ante* 132, 161 N. E. 630.

There is evidence that Ruth Shepherd said to the arresting officers that "its nobody's business if we are making home brew and sell it." This statement was not properly admitted in evidence because it was made during the progress of an unlawful search and, in any event, the word "if" makes it ineffective as proof of the commission of crime.

A part of the intoxicating liquor found by the officers was twenty bottles of beer in a barrel on ice at a well about 150 feet from appellants' house on a travelled path. It was on this spot that the officers found Ruth Shepherd, after Boyd Shepherd had fled on their approach, and here it was that they read the search warrant. The well was not on the land described in the search warrant but on land owned by one Loveless. Because of this, the state contends that appellants cannot question the authority of the officers in being on Loveless' premises, and that the officers there seeing the beer in the barrel had the right to arrest for an offense committed in their presence. This contention cannot prevail because it also appears from the evidence that the owner of the land on which the well was located gave appellant Boyd Shepherd the right to put the well there and use it, it was therefore a part of Shepherd's premises. And if the well had not been on appellants'

premises, appellee's contention could not prevail since there was no definite proof that the beer belonged to or had been placed in the barrel by appellants or was in their possession.

The writer of this opinion and Gemmill, J., do not agree with all the principles of law stated herein, (see dissenting opinion in *Wallace* v. *State, supra.*)

Judgment reversed, with instructions to grant both appellants a new trial.