SEAGER v. STATE OF INDIANA.

[No. 25,377.   Filed December 19, 1928.   Rehearing denied March 7, 1929.]

*William D. Hardy,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

GEMMILL, J.—In the circuit court, the appellant and another were charged by affidavit with the unlawful possession, control and use of a still, on November 16, 1926. This criminal offense is defined in Acts 1925, ch. 48, §6, §2719 Burns 1926. The cause was submitted to the court for trial without the intervention of a jury. The appellant was found guilty, and judgment of fine and imprisonment was rendered against him. From that

judgment, he has appealed, assigning as error that the court erred in overruling his motion for a new trial.

It is contended that the evidence of a federal prohibition agent as to what he found by virtue of a search warrant was erroneously admitted, as the affidavit upon which the search warrant was issued did not show probable cause and the description therein was not sufficient. This affidavit, omitting the formal parts, was as follows: "Comes now the undersigned affiant, who upon his oath says: That John Doe, whose lawful name is unknown, has in his possession a certain still and distilling apparatus for the unlawful manufacture of intoxicating liquor and has in his possession certain intoxicating liquors by him manufactured upon the premises below described; that because of the above fact he has reasonable cause to believe, and does believe, that John Doe, whose lawful name is unknown, has in his possession intoxicating liquor, and has in his possession intoxicating liquor being then and there sold, bartered and given away as a beverage and being then and there kept with the intent to sell, barter and give away, the same in violation of the laws of this state, and has in his possession stills, implements, devices and property kept for the manufacture of intoxicating liquors, intended for use in violation of the laws of this state, at the following premises, to wit: The frame dwelling and all buildings and outbuildings appurtenant thereto located on the eighty (80) acre farm, more or less, in Scott Township, described as follows, to wit: The west half of the northwest quarter of Section Twenty-four (24) Township Four (4) South, Range ten (10) west, Vanderburgh County, Indiana." The defendant, on a hearing on his objection to the admission of said evidence, introduced in evidence the affidavit for a search warrant and the warrant itself. The facts stated in the affidavit of the prohibition agent directly and positively show

the possession of a still and intoxicating liquor, and the affidavit states facts sufficient to support a judicial finding of probable cause to issue the search warrant. And this court will not inquire as to what knowledge the affiant had upon which he based his sworn statement. It is claimed that the description of the property searched was not definite and particular, as the description covered eighty acres of land and the appellant was not in possession of all of it. The owner of the land testified that he rented to the appellant the house, garden, smokehouse, granary and driveway between the corncrib and the granary on the real estate described. From the evidence, it could be inferred that property in the corncrib belonged to the appellant. It did not appear that appellant, who lived in the rented house, had possession of the barn. A written exhibit, which the owner of the real estate testified was his rental agreement with the appellant, and signed by the latter with an assumed name, described twenty acres of the real estate, and did not exempt any buildings. The evidence showed that there were no buildings on the balance of the tract of eighty acres. In Cornelius, Search and Seizure §116, it is said: "The modern doctrine seems to be that the description in a search warrant is sufficient which particularly points to a definitely ascertainable place so as to exclude all others." The description was sufficient, and the testimony of the witness to which objection was made was competent.

Exhibits Nos. 3, 4, 5, 6 and 7 were intoxicating liquor, caramel coloring, and parts of a still found on the premises occupied by appellant. Same were found by means of a valid search warrant and were competent evidence. Exhibits Nos. 12, 13, 14 and 15 were certain papers found in the house occupied by appellant, which were introduced in evidence to establish his identity. He had rented the farm under an as-

sumed name and these papers tended to identify him as the party who was being prosecuted. These exhibits were competent for the purpose for which they were introduced.

Another cause for a new trial was that the finding of the court was not sustained by sufficient evidence. The uncontradicted evidence showed that there were found on appellant's premises in the cellar of the dwelling house, a complete still, eleven fifty-gallon barrels of mash, other property used in the manufacture of liquor, and some whisky. When the still was found, the other defendant, who was a brother-in-law of the appellant, stated to the officer that the still belonged to Sylvester Seager. The evidence was sufficient to sustain the finding and the finding was not contrary to law. The court did not err in overruling the motion for a new trial.

The judgment is affirmed.