FEAST *v.* STATE OF INDIANA.

[No. 25,362.   Filed January 4, 1929.]

*William D. Hardy,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

GEMMILL, J.—The appellant was charged by affidavit and found guilty·in the Warrick Circuit Court of the unlawful possession of intoxicating liquor, in violation of §4, ch. 48, Acts 1925, §2717 Burns 1926.   Upon the verdict of the jury, a judgment was entered assessing a fine of $100 and imprisonment in jail for thirty days. On appeal, it is assigned as error that the court erred in overruling his motion for a new trial.

It is contended that the court erred in permitting two witnesses to testify as to what was disclosed to them and learned by them while searching the premises of Rose Sanders, where the appellant resided, by means of a search warrant which was invalid, as the warrant was issued upon an affidavit which did not contain statement of facts showing probable cause and the judge heard no other evidence.   The affidavit stated "that affiant has reason to believe that Mrs. Rose Sanders has in her possession intoxicating liquor," etc.   It was stipulated and agreed that no evidence was heard by the court and the search warrant was issued upon said affidavit.

On authority of *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657, it must be held that probable cause for the issuance of the search warrant was not shown and the evidence to which objection was made was not competent. According to the record, objection was made and exception taken to all the evidence secured by virtue of the search warrant. On account of the admission of the incompetent evidence, defendant's motion for a new trial should have been sustained.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.

Martin, C. J. and Gemmill, J., do not agree with the opinion in the case of *Wallace* v. *State, supra,* upon authority of which this judgment is reversed.