GOODMAN v. STATE OF INDIANA.

[No. 25,552.  Filed March 29, 1929.  Rehearing denied June 6, 1929.]

*William D. Hardy*, for appellant.

*Arthur L. Gilliom*, Attorney-General, *Dale F. Stansbury*, Deputy Attorney-General, and *Albert M. Campbell*, for the State.

GEMMILL, J.—The appellant was found guilty of the unlawful possession, control and use of a still and distilling apparatus for the unlawful manufacture of intoxicating liquor, in violation of Acts 1925, ch. 48, §6, §2719 Burns 1926. Judgment of fine of $100 and costs and imprisonment at the Indiana Reformatory for a period of not less than one year nor more than five years was entered upon the finding. He has assigned as error that the court erred in overruling his motion for a new trial.

A.verified motion to suppress the evidence was filed, which the court, after hearing evidence, overruled. Error is also claimed because of the admission of certain evidence during the trial. The question of the competency of the evidence depends upon the validity and legality of the affidavit and the search warrant issued thereon.

.It is contended by the appellant, in the motion to suppress evidence, that the search warrant was issued without probable cause being shown. Part of the affidavit is as follows: "Comes now the undersigned affiant, who upon his oath says: I am a police officer of the city of Evansville assigned to the duty of investigating violations of the prohibition law and have investigated complaints made in regards to the below-named house Aug. 29th, '27. The smell of corn mash fermenting can very easily be distinguished from

the other odors, and this odor seems to come from the below-described house. This house has the reputation of being a place where intoxicating liquor is manufactured and possessed and where men resort for the purpose of drinking intoxicating liquor. That because of the above fact he has reasonable cause to believe, and does believe that John Doe, whose lawful name is unknown to the affiant, has in his possession intoxicating liquor; . . . and has in his possession stills, implements, devices and property kept for the manufacture of intoxicating liquors," etc. In the search warrant issued by the justice of the peace, after the copy of the affidavit, the following appears: "And whereas, from oral evidence heard by me after said affidavit was filed, I have found that probable cause exists for believing that the things described in said affidavit are being concealed in or about the premises therein described and are being there kept unlawfully and in relation to the offense named in said affidavit." On the hearing to suppress evidence, a police officer of the city of Evansville testified that, before the search warrant was issued, he had testified before the justice of the peace concerning his visit to the premises to get a description of same. He said he had visited those premises and that he had detected the odor of corn mash, and stated the name of the man that gave information that a still was there. It appears from the affidavit and the evidence produced before the justice of the peace that there was probable cause for the issuance of the search warrant.

One of the causes assigned for the suppression of evidence was that no affidavit for a search warrant had been filed at the time same was issued particularly describing the place to be searched and the things to be seized. The evidence of two witnesses showed that the affidavit had been marked "filed" and had been deposited with the justice of the peace and that he had possession of it

when the search warrant was issued. There is evidence that, after the search warrant was delivered to the police officer, the affidavit was taken away from the office of the justice of the peace by the police officer. The reason for this was that similar affidavits had disappeared from the office of the justice of the peace.

In *Engleman* v. *State* (1850), 2 Ind. 91, 52 Am. Dec. 494, it was stated: "We understand a paper in a cause to be filed when it is delivered to the clerk, and ■■ received by him, to be kept with the papers in the cause." In *Thompson* v. *State* (1921), 190 Ind. 363, 130 N. E. 412, this court held: "Filing consists of the delivery of the paper to the proper officer for the purpose of being kept on file by him in the proper place." In *Morgan* v. *State* (1923), 194 Ind. 39, 141 N. E. 790, it was said: "If, with the purpose to file it, the affidavit was deposited with the officer charged with the duty to receive and place it on file, and was received and retained by him for that purpose, in the office where the law requires such filing, it was sufficiently filed." In *Gallagher* v. *Linwood* (1924), 30 N. M. 211, 231 Pac. 627, 37 A. L. R. 664, the court held as follows: "The duty of the party desiring to file a paper is performed with its delivery to the proper officer to be kept on file, and the failure of the officer to perform his duty does not prejudice the rights of the parties. Neither does the withdrawal of a paper after it has once been filed cancel or render ineffective the previous filing, and the fact that the paper was withdrawn immediately after its delivery to the clerk is only evidence to be considered in determining the question of whether or not the paper was then filed." In *Mowlan* v. *State* (1926), 197 Ind. 517, 121 N. E. 416, the following was stated: "It was also insisted that the affidavit for the search warrant was not filed, as required, for the reason that the justice of the peace afterward permitted it to be taken from his office.

Same should have been kept on file by him, but this irregularity did not make the search warrant and search thereunder invalid. It is not claimed by appellant that he was harmed by the removal of the affidavit from the office of the justice of the peace. The appellant, upon the trial, could have required the production of the affidavit as evidence, or if same were lost or destroyed, he could, upon proper proof thereof, have shown its contents by parol evidence." The law considers a paper filed when it is delivered to the proper officer for the purpose of filing, and the subsequent misfeasance of the officer will not affect the validity of the filing or the rights of the parties. *Reeder* v. *Mitchell* (1926), 117 Okla. 21, 244 Pac. 773; *Mahnken* v. *Meltz* (1922), 97 N. J. Law 159, 116 Atl. 794; *Tomlinson* v. *Tomlinson* (1926), 121 Kans. 206, 246 Pac. 980. By the evidence it was shown that the attorney for the appellant inspected the affidavit at police headquarters the next day after the search. The appellant attached a copy of the affidavit to his motion to suppress evidence, and it was produced at the trial and introduced in evidence. It is not claimed that appellant was injured in any manner because the affidavit was removed from the office of the justice of the peace for safe-keeping. It is held in the instant case that the affidavit for the search warrant was filed with the justice of the peace. And the fact that the officer allowed the affidavit to be taken from his office did not make the search warrant invalid.

The affidavit contained the following description of the premises searched: "A one story frame house occupied by living and sleeping rooms and all out buildings appurtenant thereto, this said house is known and designated as number 126 Gilbert Ave. in the city of Evansville, Vanderburgh County, Indiana." This

description was sufficient. Defendant's motion to suppress evidence was properly overruled.

The testimony to which objection was made, based upon the search and exhibits introduced by the State which were different parts of a still, some corn mash, and a record book containing notations about liquor, all discovered on defendant's premises by means of the search warrant, constituted competent evidence.

The finding of the court was sustained by conclusive and uncontradicted evidence, and the finding was not contrary to law. It was not error to overrule the motion for a new trial.

The judgment is affirmed.