## MILLER *v.* STATE OF INDIANA.

[No. 13,672.   Filed April 23, 1929.]

*W. W. Sharpless,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Donald R. Mote,* Deputy Attorney-General, for the State.

McMAHAN, P. J.—On December 31, 1927, Mike Urban made an affidavit that he had good cause to believe, and did believe, that appellant was in the unlawful possession of intoxicating liquor which was concealed

on a designated lot in the city of Garrett, in the two-story frame building thereon owned and occupied by appellant. This affidavit was filed with the mayor of said city, who, before issuing a search warrant, and after the filing of such affidavit, heard the testimony of said Mike Urban, under oath, a former employee of appellant, as to the facts upon which he based his belief that appellant had such liquor in his possession. After hearing such evidence, the mayor found that probable cause existed for believing intoxicating liquor was concealed on the premises described, and was being unlawfully kept there, and he thereupon issued a search warrant directed to T. H. Caffrey, marshal of said city, commanding him to search the described premises for intoxicating liquor. The marshal, with the assistance of John Armstrong, sheriff of DeKalb county and others, made the search as commanded and made return of the writ showing that he had found certain intoxicating liquor.

On January 4, 1928, an affidavit was filed in the DeKalb Circuit Court by John Armstrong charging appellant with the unlawful possession of intoxicating liquor. On February 7, appellant filed affidavit for change of judge, and on February 16, 1928, the cause was submitted to the court for trial. After the opening statements of the prosecuting attorney and of counsel for appellant, the latter, before the introduction of any evidence, filed a verified motion to quash the search warrant and the return thereon, and to suppress the evidence ascertained by the marshal and those who assisted him in making the search, on the grounds that the affidavit for the search warrant was filed in the office of the mayor, who signed and issued the search warrant in his ministerial capacity as mayor; that the affidavit stated no facts showing probable cause; that probable cause was not shown or supported by oath before a court competent to issue a search warrant; that the

building on the described lot was occupied by more than one business owned by different proprietors, and the warrant did not describe which "proprietor's business" was to be searched. This motion was overruled, the trial proceeded and resulted in appellant's being found guilty, fined and sentenced to imprisonment at the state farm. The record does not disclose whether any evidence was or was not heard on the motion to suppress.

Appellant has assigned as error the overruling of his motion for a new trial, specifying that the finding of the court is contrary to law, and error in overruling his motion to suppress, and in admitting the testimony of the city marshal, the sheriff and the deputy sheriff as to what they discovered by reason of the search.

Upon the trial of the cause, the search warrant, including the affidavit therefor, the finding of the magistrate that, from the oral evidence heard by him after the filing of the affidavit, he had found probable cause existed for issuing the search warrant, and the return of the marshal, were introduced in evidence without objection. This was followed by the testimony of the marshal and of all those who assisted him in making the search, in which they testified to the finding of a large amount of intoxicating liquor in the possession of appellant. This evidence covers forty-five pages of the record. Appellant's recital thereof, as set out in his brief, covers but five typewritten pages, without showing any objection or exception to the admission of any part of it, although it requires five pages of his brief to set out that part of the motion for a new trial challenging the action of the court in overruling objections to the admission of the testimony of which complaint is made. Appellant's statement of the evidence does not comply with the rule requiring a recital of the evidence, and is not sufficient to present any question.

In order, however, to satisfy ourselves as to the legality of the search warrant, and the sufficiency of the evidence to sustain the conviction, we have examined the evidence as set out in the bill of exceptions. The undisputed evidence shows that, after the affidavit for the search warrant was filed, and before the warrant was issued, Mike Urban was sworn as a witness and, under oath, testified that he had worked for appellant in his soft-drink parlor; that appellant had intoxicating liquor in his possession and that he kept it under the ice box and under the stairway; that, after hearing this evidence, the mayor found that probable cause existed, and he then issued the search warrant, and the officers who made the search found the liquor where Urban said it was kept. The evidence clearly shows that sufficient facts were shown under oath to establish probable cause.

Appellant says he objected to the mayor testifying as to what Mike Urban testified to before the search warrant was issued for the reason that it was hearsay. There is no merit in this contention, and it does not appear from appellant's brief that any exception was taken to the court's ruling on such objection. There is no showing that any objection was made to the admission of the testimony of Mike Urban as to what he testified to before the mayor.

The fact that the search warrant was signed by "J. D. Brinkerhoff Mayor, City of Garrett," instead of as "Judge of the city of Garrett," is not such a defect as to render the search warrant and the search made thereunder, illegal. The search warrant and the search being legal, the testimony of the officers making the search was properly admitted.

Appellant makes no claim that the evidence is not sufficient to sustain the finding of the court.

Judgment affirmed.