## GWINN v. STATE OF INDIANA.

[No. 25,702.   Filed June 18, 1929.   Rehearing denied December 20, 1929.]

*Walterhouse & Miller*, for appellant.

*James M. Ogden*, Attorney-General, *Merl M. Wall* and *E. Burke Walker*, Deputy Attorney-Generals, for the State.

MARTIN, J.—The appellant was convicted of possessing and using a still for the unlawful manufacture of intoxicating liquor in violation of Acts 1925, ch. 48, §6, §2719 Burns 1926.   Before arraignment, he filed a veri-

fied motion to quash the affidavit for search warrant, the search warrant and the return thereon and to suppress the evidence obtained thereby, to which motion an answer in general denial was filed by the State. After a hearing on the motion, the court overruled the same, and the appellant's assignments of error question the correctness of this ruling, the validity of the search that was made of appellant's premises and the admissibility of the evidence obtained thereby.

The affidavit for the search warrant and the search warrant were in the usual form prescribed by the statute, §2086 Burns 1926. The judge of the city court of Anderson, who issued the search warrant, recited in his order issuing the same that:

"Whereas, from oral evidence heard by me after said affidavit was filed, I have found that probable cause exists for believing that the things described in said affidavit are being concealed in or about the premises therein described and are being kept unlawfully and in relation to the offense named in said affidavit, You are therefore commanded," etc.

At the hearing on appellant's motion in the circuit court, the city judge and the sheriff who executed the affidavit for the search warrant testified. From their testimony, it appears that, prior to the issuance of the search warrant, the sheriff testified upon his oath before the city judge substantially as follows:

That he had been out to the defendant's farm and in the neighborhood on different occasions and had been watching the place for four months; that he had checked up on evidence and oral testimony that there were liquor and a still at the place; that he had made investigations at Noblesville and found that defendant had bought a considerable amount of sugar there recently, and had also purchased a number of bottles and corks; that he had investigated where the defendant did his banking and where he

delivered liquor at Anderson, Lapel and Noblesville. The sheriff also swore before the city judge that he had smelled liquor, home brew and mash on the defendant's premises; that there had been a fire at the defendant's, and from his investigation he believed that it was the result of the explosion of a still, that, after the fire, the defendant had mash in his barn and that, two weeks previously, he was serving drinks at a little place where he was living before his new house was finished, and that you could buy either red liquor or white liquor from him. The sheriff also testified that he had oral evidence that defendant stated it wouldn't take him long to pay for his new home as soon as he got his stills going.

The appellant contends that, since the affidavit for the search warrant was made on information and belief, the search warrant was therefore issued without probable cause and that the search was void and in violation of §11, Art. 1, Constitution, §63 Burns 1926, and the evidence obtained thereby was inadmissible, citing *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657, and *State* v. *Blystone* (1928), 200 Ind. 173, 162 N. E. 233. These cases do not hold that, because an affidavit is made on information and belief, any search warrant issued thereon is issued without probable cause and is void, but they hold that the search warrant is invalid when it is based "wholly . . . only and solely" upon an affidavit on information and belief and "not upon any other additional facts or information whatever." Probable cause for issuing the search warrant may be shown to the issuing magistrate either by positive allegation of facts in the affidavit[1] or by sworn testimony.[2]

The appellant further contends that the testimony of

---

[1] *Seager* v. *State* (1928), 200 Ind. 579, 164 N. E. 274; *Goodman* v. *State* (1929), *ante* 189, 165 N. E. 755; *Thompson* v. *State* (1929), 89 Ind. App. 547, 166 N. E. 23.

[2] *Becker* v. *State* (1928), 200 Ind. 397, 164 N. E. 27; *Shepherd* v. *State* (1928), 200 Ind. 405, 164 N. E. 276; *Feast* v. *State* (1929), 200 Ind. 457, 164 N. E. 314.

the sheriff before the city judge was insufficient to establish reasonable and probable cause for the issuance of the search warrant. Part of the sheriff's testimony was hearsay, as appellant contends, but the general rule against the admission of hearsay evidence has never been applied in inquiries into the existence of probable cause. The question to be determined in such a case is not the positive establishment of a defendant's guilt, or the fact that a person has in his possession certain liquor, stills, etc., but the inquiry is: Does reasonable and probable cause exist for believing that a person has unlawfully in his possession the property alleged. This court has repeatedly held that information from a credible source, together with facts known to or observed by the officers indicating that such information is correct, may constitute reasonable and probable cause for a search without a warrant, *Burnett* v. *State* (1929), *ante* 134, 166 N. E. 430; *Hanger* v. *State* (1928), 199 Ind. 727, 160 N. E. 449, citing *Carroll* v. *United States* (1925), 267 U. S. 132, 45 Sup. Ct. 280, 69 L. Ed. 543, 35 A. L. R. 790, and such evidence is proper in a hearing to determine whether there is reasonable and probable cause for issuing a search warrant. *Snedegar* v. *State* (1926), 198 Ind. 182, 150 N. E. 367; *Miller* v. *State* (1929), 89 Ind. App. 225, 166 N. E. 11.

The evidence of the city judge and the sheriff is definite and certain and is sufficient to induce a reasonably prudent and careful person, having due regard for the rights of others, to believe that appellant had in his possession on his premises a still and distilling apparatus for the unlawful manufacture of intoxicating liquor, and we hold that the search warrant was issued upon probable cause after a judicial determination.[3]

---

[3]The recital in the order of the court issuing the search warrant that the court has judicially determined the existence of probable cause is open to review or attack only where there has been an arbitrary abuse

The evidence introduced in the trial of the main case[4] was amply sufficient to sustain the verdict of guilty, and the judgment is affirmed. Willoughby, J., concurs in the result reached, but not in the reasoning by which it was reached.

Travis, J., dissents.

of power by the issuing magistrate, and an appellant, in order to show the invalidity of a search warrant for this reason, must conclusively show the insufficiency of the evidence to constitute probable cause. While *Wallace* v. *State, supra,* lays down the rule that the State has the burden of proof, this does not mean that the State must demonstrate that the issuing magistrate did not err in his decision on probable cause for the issuance of the search warrant. *Gracie* v. *United States* (1926), 15 Fed. (2d) 644. The appellant here has not shown an insufficiency of evidence to constitute probable cause.

[4]The evidence shows that, when the officers searched appellant's premises, they found two stills, a copper boiler, lid and four copper coils (35 to 48 feet of copper tubing in all), 100 pounds corn sugar, one gallon of alcohol, 60 pounds grain mash, beer, eight or nine gallons of liquor and home brew, four or five kegs, barrels, bottles, apricot coloring for coloring "white mule" whisky, straining devices, two hydrometers, alcohol tester, beer gauge, test tube and liquor glasses, also large cast iron 50-gallon hog-feed cooker with a coal-oil burner. Evidence was also introduced that appellant explained and showed the officers how to assemble the still in connection with the hog-feed cooker; that he fitted it up and showed how it worked, how the coil was connected on the top of the cooker and where the coil was attached to the water barrel. He said he had been cooking in it but that he wasn't making alcohol, but he also told the officers that he had made liquor and had been wholesaling it around Noblesville; that it looked like he was hooked and he might as well give up all the stuff. The appellant did not testify at the trial, the only evidence offered by him being that of one witness, a neighbor, who testified that appellant's reputation in the community as to being peaceable and law abiding was good, and that he had never seen intoxicating liquor on appellant's premises, although, on cross-examination, he admitted that he had heard once in a while that appellant was operating a still.