## SEEGER *v.* STATE OF INDIANA.

[No. 25,487. Filed November 14, 1929. Rehearing denied January 31, 1930.]

470

*William D. Hardy,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was convicted, after a trial by

the court, upon an affidavit which charged him with possessing and operating a distilling apparatus for the unlawful manufacture of intoxicating liquor, in violation of Acts 1925, ch. 48, §6, §2719 Burns 1926. He was fined $100 and sentenced to the Indiana Reformatory for not less than one nor more than five years.

The alleged error relied upon is the overruling of appellant's motion for a new trial, wherein it is alleged that the finding of the court is not sustained by sufficient evidence and is contrary to law, and that the court erred in admitting in evidence testimony and exhibits of what was found upon a search, under a search warrant, of appellant's premises.

The State contends that no alleged error is presented, for the reason that the bill of exceptions was not presented to the trial court within the time granted therefor. The record shows that on June 4, 1927, upon the overruling of appellant's motion for a new trial, he prayed an appeal, asked, and was granted, 15 days' time within which to prepare and file all bills of exception, as provided in §2330 Burns 1926. The order-book entry appearing in the record, showing the presentation, etc., of the bill of exceptions, was made on June 21, 1927, and reads as follows:

"Comes now the defendant and presents to the judge his bill of exception herein and requests that the same be approved and signed by said judge and filed herein and made a part of the record in this cause. And now said judge approves and signs said bill of exceptions and after the same had been signed by said judge it is now filed herein and made a part of the record in this cause. It is further ordered by the court that this entry be recorded *nunc pro tunc* as of June 18, 1927."

The judge's certificate to the bill of exceptions is as follows:

"Be it further remembered That afterwards, on the 18th. day of June, 1927, and within the time fixed and allowed by the court therefor, the defendant presented and tendered to the said Charles P. Bock, Judge of said Vanderburgh Circuit Court, of Vanderburgh County, Indiana, this, his bill of exceptions, for his approval and signature, and prayed that same might be signed, sealed and made a part of the record in said cause, and which said bill of exceptions was now here on this, the said 18th day of June, 1927, allowed, approved, and signed, and ordered by said Charles P. Bock, as such Judge, to be and constitute a part of the record and proceedings of said court, and the Clerk of said court is hereby ordered to file the same as a part of the record and proceedings in said above entitled cause of action.

"In witness whereof, I have hereunto set my hand this 18th. day of June, 1927."

And the file mark on the certificate is dated June 18, 1927.

It is true that a trial court has no power, by an act done *nunc pro tunc*, to perform a judicial act which the law requires to be done before, as appellee contends, *Holcomb* v. *Norman* (1909), 43 Ind. App. 506, 87 N. E. 1057, but, where there is a conflict in dates, relating to the presentation of a bill of exceptions, the date certified to by the trial judge is controlling. *Robinson* v. *State* (1899), 152 Ind. 304, 53 N. E. 223. The bill of exceptions, therefore, appears to have been timely presented.

The evidence, which is not controverted, is amply sufficient to sustain the finding. It shows that a deputy sheriff, acting under a search warrant, searched appellant's barn and found the following items of property, which appellant admitted belonged to him, and which were introduced in evidence as exhibits; a 125-gallon still, complete for the double distilling of

corn liquor; 30 barrels full of corn mash; 194 gallons of intoxicating liquor, which tested "108-54%" of alcohol by volume. The outside walls of the barn were covered with black paper, making it dark inside, and the still, which was boarded and roofed and surrounded on the sides and top with straw, was set up for operation, was full of mash, and had two four-burner coal oil stoves under it.

Appellant contends that the evidence of the deputy sheriff as to what he found by virtue of the search warrant and the exhibits introduced were erroneously admitted over his objections made at the trial, for the reason that the search warrant was invalid (a) because it was not issued upon probable cause supported by oath or affirmation, and (b) because the description contained therein of the premises sought to be searched was insufficient.

The affidavit upon which this search warrant was issued was, in part, as follows:

"Comes now the undersigned affiant, who, upon his oath says: That intoxicating liquor is possessed, sold and manufactured . . . and that a still is possessed and operated on said premises, that because of the above fact he has reasonable cause to believe and does believe that John Doe, whose lawful name is unknown to affiant, has in his possession intoxicating liquor; and has in his possession . . . stills, implements, devices and property kept for the manufacturing of intoxicating liquor . . . at the following premises," etc.

The facts stated in this affidavit directly and positively charge the possession of a still and of intoxicating liquor, and are sufficient to support a judicial finding of probable cause to issue the search warrant, and this court will not inquire as to what knowledge the affiant had upon which he based his sworn statement. *Seager* v. *State* (1928), 200 Ind. 579, 164 N. E. 274.

Probable cause for issuing a search warrant may be shown to the issuing magistrate by positive allegation of facts in the affidavit, *Seager* v. *State, supra; Goodman* v. *State* (1929), *ante* 189, 165 N. E. 755; *Thompson* v. *State* (1929), 89 Ind. App. 547, 166 N. E. 23, as well as by sworn oral testimony before the magistrate, *Gwinn* v. *State* (1929), *ante* 420, 166 N. E. 769; *Becker* v. *State* (1928), 200 Ind. 397, 164 N. E. 27; *Shepherd* v. *State* (1928), 200 Ind. 405, 164 N. E. 276; *Feast* v. *State* (1929), 200 Ind. 457, 164 N. E. 314.

The description contained in the affidavit for the search warrant and in the search warrant was as follows:

> "A one and one-half story frame building (residence) and all buildings and out buildings appurtenant thereto, situated on the following described real estate towit: all that part of the E½, SE¼ Sec. 32, Town 6, Range 11 W* which lies south of the Evansville and Mount Vernon road, *except 8.8 acres more or less off the west side thereof,* and all that part of the NW¼, S33, T6S, R11E,* described as follows: (here follows lengthy description by metes and bounds*) in Perry Township in Vanderburgh County, Indiana."

The appellant contends that this description is not sufficient to meet the requirement of Art. 1, §11, Constitution, §63 Burns 1926 and of §2085 Burns 1926 (that a search warrant shall particularly describe the place to be searched), because of the words underscored above in the description of the first parcel of land, his claim being that where a certain tract is "excepted," the part excepted should be as fully and accurately described as if it were being granted in a deed. A similar question arose in *Seager* v. *State, supra,* and here, as there, we hold that the description points to a

---

*Abbreviations and omissions have been made to conserve space. Italics our own.

definitely acertainable place so as to exclude all others and meets the requirements of a valid description.

The appellant has requested an oral argument, but, since his case is briefed at length, and since the facts are not disputed, and all the questions of law involved are well settled by cases recently decided by this court, nothing could be gained by argument, and the same is denied. *Allgaier* v. *State* (1929), 200 Ind. 583, 164 N. E. 315; *Chandsie* v. *State* (1928), 200 Ind. 493, 163 N. E. 256.

Judgment affirmed.

Willoughby, J., dissents for the reason that the affidavit and search warrant do not describe the place sought to be searched with the certainty required by §11, Art. 1 of the Constitution of Indiana.