## STATE OF INDIANA v. ROCCA.

[No. 25,998.    Filed April 8, 1932.    Rehearing denied December 14, 1932.]

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

*W. D. Hardy,* for appellee.

*Ethan A. Miles,* amicus curiae.

MARTIN, J.—Appellee was charged by affidavit with maintaining a liquor nuisance. (§2740 Burns 1926.) The trial court sustained his motion to suppress the evidence obtained during a search of his premises by the police officers of the city of Evansville under authority of a search warrant, on the ground that such search was un-

lawful and illegal, for the reasons: First, that §31, ch. 48, Acts 1925, §2746 Burns 1926, "does not require a finding of probable cause by the judge or magistrate issuing the search warrant" and "is unconstitutional for the reason that it makes the issuance of a search warrant mandatory upon the filing of an affidavit," and, second, that the "search warrant was issued upon an affidavit which contained no statement of facts showing probable cause for the issuance of a search warrant" and that "the Justice of the Peace who issued said search warrant had before him no evidence or facts under oath or affirmation that would tend to establish probable cause".

Appellee was found not guilty and in this appeal by the State the parties have argued the reserved question of law presented by the motion to suppress.

The section of the Constitution—§11, art. 1; section 63, Burns 1926, with which appellee contends §31, ch. 48, Acts 1925, §2746, Burns 1926, is in conflict, provides that:

"No (search) warrant shall issue but upon probable cause, supported by oath or affirmation. . . ."

It was decided in *Wallace* v. *State* (1927), 199 Ind. 317, 157, N. E. 657, 660, that a search warrant was invalid when based "wholly, . . . only and solely" upon an affidavit on information and belief and "not upon any other additional facts or information whatever". But it does not follow from the fact that an affidavit is made on information and belief that any search warrant issued thereon is issued without probable cause and void for violation of §11, Art. 1, Const. *Gwinn* v. *State* (1929), 201 Ind. 420, 423, 166 N. E. 769. Probable cause for issuing a search warrant may be shown to the issuing magistrate either by positive allegation of facts in the affidavit; *Seeger* v. *State* (1929), 201 Ind. 469, 168 N. E. 577; *Seager* v. *State*

(1928), 200 Ind. 579, 164 N. E. 274; *Goodman* v. *State* (1929), 201 Ind. 189, 165 N. E. 755; *Thompson* v. *State* (1929), 89 Ind. App. 547, 166 N. E. 23, or by sworn testimony, *Gwinn* v. *State, supra; Becker* v. *State* (1928), 200 Ind. 397, 164 N. E. 27; *Shepard* v. *State* (1928), 200 Ind. 405, 164 N. E. 276; *Feast* v. *State* (1929), 200 Ind. 457, 164 N. E. 314.

The appellee contends that because §2746 Burns 1926 provides that upon the filing of an affidavit for a search warrant "such justice of the peace, mayor or ▮▮▮ judge *shall* issue his warrant" . . . the statute is mandatory and deprives the magistrate of the power to hear and determine probable cause and that therefore it is violative of §11 Art. 1 Const. The determination of the existence of probable cause for the issuance of a search warrant is a judicial act, *Wallace* v. *State, supra*—see both prevailing and dissenting opinions, and we have repeatedly held that this statute does not deprive courts of the power to make such determination. The magistrate passes judicially upon the credibility of the person making the affidavit, and upon the sufficiency of oral evidence that may be offered to prove the existence of probable cause.

All laws are to be interpreted, if reasonably possible to do so, in such a maner as to harmonize them with the constitution rather than in such manner as ▮▮▮ will render them unconstitutional. Where statutes are capable of a construction that will make them constitutional they will be so construed and their validity upheld on the theory that the legislature intended to enact a constitutional law. *State, ex rel.* v. *Bowman, Auditor* (1927), 199 Ind. 436, and cases cited on p. 453, 156 N. E. 394, 399, 157 N. E. 723. The court in issuing a search warrant under the statute is bound by the provisions of the Constitution which requires that the warrant shall issue only "upon probable cause sup-

ported by oath or affirmation". It does not follow that because a search warrant might be issued under §2746, *supra,* which was invalid because it was issued without a showing of probable cause to the issuing magistrate, that the statute is invalid. Its provisions will be presumed to be subject to and in harmony with the Constitution rather than in contravention thereof. Merely because some action might be attempted to be taken under the statute that would be in violation of the Constitution, does not make the statute unconstitutional.

The affidavit upon which the search warrant in this case was issued was, in part, as follows:

"That intoxicating liquor is possessed in violation of the law on the premises hereinafter described; that because of the above fact he has reasonable cause to believe and does believe that John Doe, whose lawful name is unknown, has in his possession intoxicating liquor . . . at the following premises," etc.

The facts thus stated on oath are not merely upon information and belief, they directly and positively charge the possession of intoxicating liquor and are sufficient to support a judicial finding of probable cause for the issuance of the search warrant, and this court will not inquire as to what knowledge the affiant had upon which he based his sworn statement. *Seeger* v. *State, supra; Seager* v. *State, supra.*

It follows that the objections to the search warrant made by the appellees were not valid and sufficient and that the court erred in sustaining his motion to suppress the evidence.

The appellee has filed a petition for an oral argument but the same is denied for the reason that the case has been thoroughly briefed, the questions involved have been clearly stated and nothing could be gained thereby. *Allgaier* v. *State* (1929), 200 Ind. 583, 164 N. E. 315; *Gale* v. *State* (1929), 201 Ind. 532,

168 N. E. 241; *Parrett* v. *State* (1928), 200 Ind. 7, 159 N. E. 755; *Young* v. *State* (1923), 194 Ind. 221, 141 N. E. 309, and for the further reason that the court in the cases cited herein has definitely decided the questions here presented. *Chandise* v. *State* (1928), 200 Ind. 493, 163 N. E. 266; *Seeger* v. *State, supra,* and upon such questions there is no longer serious controversy. *Malich* v. *State* (1930), 201 Ind. 587, 169 N. E. 531.

The appeal, as taken upon the question reserved by the State, is sustained, at the costs of appellee.

Travis, C. J., dissents.

Myers, J., absent.

Petition for rehearing denied.

### DISSENTING OPINION.

TRAVIS, C. J.—I dissent from that part of the opinion of the court which decides that oral evidence may be competent to aid the affidavit for a search warrant, for the reason that no question is presented by the record which calls for such opinion and decision by the court. Attention is called to the apparent decision that oral evidence may be competent to aid the affidavit, provided by §31, Ch. 48, Acts 1925, §2746 Burns 1926, to lay a sufficient foundation of evidentiary facts to support a judicial finding of probable cause for the warrant to search and seize. The decision of the court by the majority opinion rests upon the allegation in the affidavit in question, as quoted, "that intoxicating liquor is possessed in violation of the law on the premises hereinafter described; . . ." No question for decision by this court is presented by the record which is based upon, or which has to do with, evidence *aliunde* the affidavit, to support a judicial finding of probable cause by the magistrate.

I dissent from the decision, expressed in the majority opinion of the court, which decides that §31, Ch. 48,

Acts 1925, does not offend §11 of Art. I of the Constitution. The constitution, generally, prescribes a form of civil government; the officials who are to cause the government so instituted to function; and the limitations upon the majority of the citizens who act solely through chosen representatives. The Bill of Rights of the people is embodied in Art. I of the Constitution. This right is not concerned with the constitutional form, or setup of government, or of its agencies. It is a preeminent assertion of the right of each individual citizen of the state, in the particular stated, notwithstanding the form of government, its operation, and the power of even an overwhelming majority of the citizens of the state. This right is sacred, and therefore, it must be kept free from injury or external violence; it may not be profaned in the least, to the hurt of a citizen; these constitute some of the reasons that this right is construed most liberally to guarantee the right to the people. *Gouled* v. *United States* (1921), 255 U. S. 298, 304, 41 Sup. Ct. 261, 65 L. Ed. 647; *Byars* v. *United States* (1926), 273 U. S. 28, 47 Sup. Ct. 248, 71 L. Ed. 520; *Boyd* v. *United States* (1886), 116 U. S. 616, 635, 6 Sup. Ct. 524, 29 L. Ed. 746, and that statutes which are related to this right must be strictly construed to guarantee this right to the people. *Guenther* v. *Day* (1856), 6 Gray (Mass.) 490; *Leonard* v. *United States* (1925), C. C. A., 6 Fed. (2d) 353, 355. If these are sound principles of law, it follows that this section of the statute (§31, Ch. 48, Acts 1925) must be strictly construed in favor of the right retained by section 11 of Art. I of the Constitution, and in favor of the people who are constantly within the sphere of the protection of the right. §31 of the Act, is incomplete in itself, and so recognized by the General Assembly, in wording it, for it depends upon another act or acts of the General Assembly. The issuing of the warrant and the

execution of it must be done, "as in other cases where such warrants are issued as now provided by law." The other laws which provide for search and seizure are, (1) that part of "An Act Concerning Criminal Offenses," approved March 10, 1905, Ch. 169, Acts 1905, designated "Search Warrants," embraced within sections 56 to 61, inclusive, §§2085 to 2091, inclusive, and the section of the same Act (§588) which concerns cruelty to animals, etc., §2770 Burns 1926; (2) §4 of the act concerning trade marks on bottles, etc., Ch. 178, p. 689, Acts 1917, §14420 Burns 1926. The only "other cases" is the Act of 1905, *supra,* which provides the form of the affidavit upon which the warrant is issued, and the form of the warrant, and the authority given to justices of the peace to issue such warrants by §56 of the Act of 1905, *supra,* §2085 Burns 1926. The authority given to justices of the peace by §56 of the Act of 1905, *supra,* is that they *"may* issue warrants to search any house or place"; and by §588 of the Act of 1905, *supra,* is "if satisfied that there is a reasonable cause for such belief, *shall* issue and deliver a search warrant"; and by §4 of the Act of 1917, *supra,* is that, "the said court *must* thereupon issue a search warrant, &." (My italics.) The General Assembly know the language of the constitution, and they are charged with a knowledge of the specific right of the people as worded by §11 of Art. I of the Constitution. Its members know all of the acts passed by the General Assembly, which concerned §11, Art. I, *supra,* when it passed the Act in 1925, in which is §31. It may not be answered by this court that the General Assembly, when it passed the bill in which §31 was incorporated, that it did so lightly and without due consideration of the Act of 1905, *supra,* to which it pointedly referred. It knew that it used the word *"may"* in the Act of 1905 (§56, *supra,* §2085 Burns 1926) and that it was replacing

that word by the word "shall" in a like context in §31, *supra.* It did not make the change lightly, it made the change knowingly, meaning what it said, unlawfully believing it had the power to so direct the issuing of the warrant. This court judicially knows of a great many instances where the General Assembly has misconstrued its power. The word "shall" in its setting in §31, *supra,* is so plain therein, and in contrast with the use of the word "may" in the Act of 1905, *supra,* that it is not subject to construction other than the plain and exact meaning of the word, together with the language in which it has its setting. Given the plain meaning, it most plainly prevents the magistrate from exercis-. ing judicial power, he acts ministerially only. No such usurpation of power by the General Assembly, encroaching upon the judicial department of this government can be countenanced, in the case now presented, without offending this, one of the greatest personal rights reserved to the people. I am of the opinion that the General Assembly intended what it plainly said, and that what it so said by §31, *supra,* is unlawful because it violates §11, Art. I of the Constitution, and that, therefore, §31, *supra,* is unconstitutional and void.

I dissent from that part of the opinion of the court which denies to appellee the right to argue his case orally to the court. Rule 26 of the court unconditionally grants to parties to appeals the right to argue orally their cases when timely request is made. This rule provides that, "otherwise, the court in its discretion will refuse the application." Judicial discretion here to deny oral argument is not well grounded.

I dissent from the judgment of the court as shown by the opinion of the majority. This court is without jurisdiction to reverse the judgment of the trial court in this case. The judgment of the trial court is one of acquittal of the charge upon which appellee was tried.

Appellee, as shown by the record, was in jeopardy. §14 of the Bill of Rights, Art. I, Const.

I am of the opinion that the judgment of this court should be that the decision of the trial court be sustained, and that the appeal is not sustained.