## BARRAR v. STATE OF INDIANA.

[No. 26,302. Filed December 14, 1934.]

*Dowell & Metford* and *Spaan & Spaan,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Paul K. Shepard,* Deputy Attorney-General, for the State.

ROLL, J.—This is a prosecution by affidavit, by the State of Indiana, against the appellant, Nicholas Barrar, upon the charge that Nicholas Barrar did then and there unlawfully and feloniously have in his possession and under his control a certain still and distilling apparatus for the unlawful manufacture of intoxicating liquor in violation of §2719, Burns Ann. St. 1926, Acts 1925, ch. 48, p. 144, §6. Appellant was found guilty as charged and was

sentenced to imprisonment for not less than one nor more than five years and costs.

The errors relied upon for reversal are: (1) That the court erred in sustaining appellee's demurrer to appellant's motion to quash the search warrant and the return thereon and to suppress the evidence; (2) that the court erred in overruling appellant's motion for discharge, and arrest of judgment; (3) that the court erred in overruling appellant's motion for a new trial; (4) that the finding of the court is contrary to law; (5) that the finding of the court is not sustained by sufficient evidence.

The first error urged by appellant is the sustaining of appellee's demurrer to appellant's motion to quash the search warrant and the return thereon and to suppress the evidence. Appellant contends that the affidavit for the search warrant failed to show that there was probable cause for issuing the search warrant and that the affidavit failed to set out any facts upon which the justice could judicially determine that probable cause existed. This question was decided by this court in the case of *Bedenarzik* v. *State* (1933), 204 Ind. 517, 185 N. E. 114. The court there held that the showing of probable cause for the issuance of a search warrant must be in affidavit form and copied into the search warrant. In the present case the facts constituting probable cause was not included in the affidavit and the evidence on probable cause was heard orally by the magistrate and was not reduced to affidavit form, therefore on the authority of the above case the search warrant was insufficient and the trial court should have overruled appellee's demurrer to appellant's motion to quash the search warrant and the return thereon and to suppress the evidence.

Since the judgment must be reversed for the reason indicated, we do not find it necessary to pass upon the other questions presented by appellant.

Judgment reversed with instructions to the trial court to overrule appellee's demurrer to appellant's motion to quash the search warrant and the return thereon and to suppress the evidence and to sustain appellant's motion to quash the search warrant and the return thereon and to suppress the evidence.