BEDENARZIK *v.* STATE OF INDIANA.

[No. 25,564.   Filed March 28, 1933.]

*Robert A. Buhler,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Dale F. Stansbury,* Deputy Attorney-General, and *Albert M. Campbell,* for the State.

FANSLER, J.—The defendant was charged, tried and convicted of possession of a still under §2719 Burns 1926.

Appellant, at the proper time, filed a verified motion to quash the affidavit and search warrant and to suppress the evidence procured thereunder. The motion was overruled and the evidence admitted, to both of which rulings appellant excepted, and upon the exceptions presents the only questions to be decided.

Evidence was heard as to whether there was a sufficient showing of *probable cause* for the issuance of the search warrant. In addition to the affidavit for the search warrant, which is upon information and belief, and in the exact form prescribed by statute, the evidence consisted of the testimony of the city judge who issued the warrant. He testified that witnesses had appeared before him and testified on their oaths to facts constituting *probable cause* for the issuance of the search warrant, but that he did not remember the names of the witnesses nor the facts to which they testified. There was no other pertinent evidence.

It has been held that the determination of the question of whether there is *probable cause* is a judicial function. *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657; *Veeder* v. *U. S.* (1918), 252 Fed. 414.

And that an affidavit on information and belief and containing only the affiant's conclusion upon the question of *probable cause* is not of itself a sufficient basis for the issuance of such warrant. *Wallace* v. *State, supra; State* v. *Blystone* (1928), 200 Ind. 173, 162 N. E. 233; *U. S.* v. *Pitotto* (1920), 267 Fed. 603.

It must be assumed that the issuing magistrate judicially decided that the evidence before him showed *probable cause* before he issued the search warrant. With the warrant itself before the trial court there would seem to be no necessity for any further showing that the magistrate considered the evidence sufficient. His testimony that he heard evidence which he believed established *probable cause* added nothing to the showing made by the warrant itself.

Since there was nothing before the trial court but the affidavit and the conclusion of the issuing magistrate as to the effect of what evidence he might have

heard, we are confronted with the questions—may a warrant issue upon an oral showing of probable cause, and is the decision of the issuing magistrate as to the sufficiency of the evidence conclusive?

Courts of last resort, including this court, have, as a matter of course, reviewed decisions in cases where the trial court had, upon motion, determined for itself the question of the sufficiency of the evidence adduced before the magistrate issuing the warrant and, since we find no decision of any such court which suggests that the finding of the magistrate is conclusive, we must treat these cases as holding that it is not conclusive and that the trial court upon proper motion may inquire into the sufficiency of the showing of *probable cause*. *Gwinn* v. *State* (1929), 201 Ind. 420, 166 N. E. 769; Cornelius, Search and Seizure (2d), §178.

Article 1, §11, of the Constitution of Indiana provides: "The right of the people to be secure in their persons, houses, papers, ——— and effects, against unreasonable search, or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized. ———" (The punctuation used is that of the original document.)

The construction of the last part of the sentence is unusual, but any interpretation of the language leads to the conclusion that the *probable cause* and the description of the place and person or thing to be seized shall be supported by the same oath or affirmation. The Legislature in all of its enactments upon the subject has provided for a written oath or affirmation. Prior to 1881 the statute provided that a verified complaint must be filed. Since the revision of 1881 the document to be filed has been described as an affidavit.

The general search warrant statute, §2086 Burns 1926, provides:

> "No warrant for search shall be issued until there is filed with the justice an affidavit, particularly describing the house or place to be searched and the things to be searched for, and alleging substantially the offense in relation thereto, and that the affiant believes, and has good cause to believe, that such things as are to be searched for are there concealed."

The following section provides for a form of search warrant into which the affidavit is copied.

Section 2746 Burns 1926 provides:

> "If any person shall make an affidavit before any mayor, justice of the peace or judge of any court that such affiant has reason to believe, and does believe, that on any described or designated premises or tract of land, there is intoxicating liquor or a still or distilling apparatus which is being sold, bartered, used, or given away, or possessed, in violation of the laws of this state, such justice of the peace, mayor or judge shall issue his warrant to any officer having power to·serve criminal processes, and cause the premises designated in such affidavit to be searched, as in other cases where such warrants are issued as now provided for by law, . . ."

No reference is made to oral evidence. Under the first quoted section the justice may issue the warrant upon the filing of the affidavit, and it is provided in the second section that the magistrate shall issue the warrant upon the filing of the affidavit. Under neither section is oral evidence necessary, and under the latter section, which is the one involved in the case at bar, it is clearly not contemplated.

Section 2746 refers for procedure to "other cases where such warrants are issued as now provided for by law," and, therefore, contemplates that a copy of the affidavit be set out in the warrant

as provided for in the general statute. This provision for copying the affidavit into the search warrant cannot be ignored. It was intended to serve a definite purpose. Through this provision the person against whom the warrant is issued is advised of the person making the charge against him and the character of the charge.

Our Bill of Rights requires that a citizen against whom criminal process is issued shall have the right to know his accusers, the cause of the action against him and to meet the witnesses face to face. The spirit of these guaranties furnishes ample substantial reason for the statutory requirement that the affidavit should be copied into the warrant, and for interpreting the statute to mean that otherwise the warrant is insufficient.

The provision of the Bill of Rights above referred ■ to, and the provision that an accused shall have the right to be heard, require that the defendant shall have an opportunity to question the sufficiency of the warrant and the sufficiency of the information upon which it was issued. His first opportunity to raise this question is in the trial court. The inquiry must relate back to the time the warrant was issued. The question must be—is the warrant sufficient in form, and was probable cause shown before the issuing magistrate? The questions can only be determined by the trial court before whom they are raised.

If the supporting oath or affirmation is in written affidavit form and made a part of the search warrant the facts are readily passed upon. If it was oral ■ it is doubtful from a practical viewpoint whether it can ever be reproduced with exactitude, and an accused would never have an opportunity of knowing until after he had questioned the sufficiency of the showing of *probable cause* what the facts were upon which the warrant issued. An accuser who is willing to testify to facts upon oath or affirmation is not

harmed by being required to put the facts in written affidavit form.

In cases where the search has not produced the results anticipated, witnesses who had testified orally to facts showing *probable cause* would be open to the temptation to modify and qualify their testimony in order to protect themselves from liability and responsibility. The trial court would be confronted with conflicting evidence as to what facts had been adduced in the first instance. Those who may have caused search warrants to issue unjustly would, because of uncertainty, be afforded some opportunity to escape the consequences of their unjustified action. These considerations, no doubt, prompted the legislative requirement that the facts constituting the charge be included in the affidavit, and that the affidavit be copied into the search warrant, and require us to hold that the showing of *probable cause* for the issuance of a search warrant must be in affidavit form and copied into the search warrant, and that before the trial court these facts may not be aided by proof of parol evidence introduced before the issuing magistrate.

The decisions of this court holding that the affidavit or affirmation must be positive, and not on information and belief, must not be construed as lessening the other statutory requirements as above interpreted.

Upon the filing of the motion to quash and suppress, the burden was on the state to justify the issuing of the warrant. *Wallace* v. *State, supra; Meno* v. *State* (1925), 197 Ind. 16, 148 N. E. 420.

The evidence offered was not sufficient to satisfy this burden. Judgment reversed with instructions to sustain the motion to quash the search warrant and suppress the evidence.

Treanor, C. J., dissents.

## DISSENTING OPINION.

TREANOR, C. J.—We agree with the majority opinion that the law, as heretofore declared by this court, makes the determination of the question of probable cause a judicial function; and also we agree that it is settled law in this state that an "affidavit on information and belief and containing only affiant's conclusion upon the question of probable cause is not of itself a sufficient basis for the issuance of such warrant." We think, however, that it has been equally well settled in this state that an affidavit on information and belief supplemented by oral testimony showing probable cause is legally sufficient to satisfy both constitutional and statutory conditions precedent to the issuance of a search warrant. Clearly the foregoing was assumed by this court in the recent case of *Mata* v. *State* (1932), 203 Ind. 291, 179 N. E. 916. We think that the reasoning and holding of the Mata case and of the earlier cases upon which it rested were in harmony with the long recognized rule that a reviewing court will presume that an inferior court has acted properly in the absence of an affirmative showing to the contrary; and gave reasonable protection to the legitimate interests of an accused and did not unduly hamper officers who carry the heavy burden of protecting society against criminal depredations.

There is no occasion to extend this opinion since the 78th General Assembly, by Senate Bill No. 294, approved March 11, 1933, has provided that the affidavit upon which the search warrant is issued shall contain the facts constituting the probable cause. As soon as this statute becomes effective there will be no doubt about either the form or the substance of the law respecting the procedure involved in the determination of probable cause for the issuance of a search warrant.