KRANIK *v.* STATE OF INDIANA.

[No. 25,740. Filed May 15, 1933.]

*Harry P. Sharavsky, August Bremer,* and *Harvey J. Curtis,* for appellant.

*James M. Ogden,* Attorney-General, and *George W. Hufsmith,* Deputy Attorney-General, for the State.

HUGHES, J.—The appellant was charged, tried, and convicted for the unlawful possession of intoxicating liquor. It was charged in the affidavit that appellant had been convicted on three other occasions in Lake County for violating the state liquor law. The appellant was found guilty by the court on the charges filed against him and was fined $200.00 and sentenced to prison for a term of not less than one nor more than two years.

On May 18, 1928, a search warrant was issued by the city court of Gary, Indiana, and on May 22, 1928, appellant's premises were searched by the police officers of the city of Gary and a small quantity of intoxicating liquor was found.

The appellant at the proper time filed a verified mo-

tion to quash the affidavit and search warrant and to suppress the evidence procured thereunder. The appellant was prosecuted under §4 of chapter 48 of the Acts of 1925.

One of the assignments of error is that the court erred in overruling appellant's motion to suppress the evidence obtained by the alleged search warrant. Many other questions are presented, but as the ruling upon this assignment of error will dispose of this case, we will not discuss the other questions presented by appellant.

It appears from the record that on May 18, 1928, one Frank Cook, made and executed an affidavit for a search warrant before Judge C. M. Greenlee, judge of the city court of Gary. The affidavit in substance stated that the affiant believed and had good cause to believe that the appellant had in his possession certain intoxicating liquor in violation of the law of the State of Indiana; that the same was being sold and kept for that purpose and that he had in his possession stills and distilling apparatus.

The judge of the city court of Gary, upon this affidavit, issued a search warrant for the premises of the appellant. Thereafter, by virtue of said alleged search warrant, the premises of appellant were searched and a quart bottle half full of whisky was found.

The question presented is: Did the court err in overruling the motion of appellant to suppress the evidence secured by means of the search warrant?

The affidavit for the search was made upon information and belief. The judge of the city court of Gary copied and set out the affidavit as made in the search warrant, and stated in the search warrant the following: "And, whereas, from oral evidence heard by me after said affidavit was filed I have found that probable cause exists for believing that the things described in said affidavit are concealed in or about the premises

therein described and are being there kept unlawfully and in relation to the offense named in said affidavit."

It appears from the record and the evidence that one Frank Cook made the affidavit to obtain the search warrant; that he served the warrant and made the return thereto. It further appears that he was the only witness who was sworn and testified and upon whose evidence the judge of the city court of Gary found that there was probable cause for issuing the search warrant. It further appears from the record on the motion to suppress the evidence that the following questions were asked, and answers given, as far as material herein, by the witness, Frank Cook:

Q. Do I understand, Mr. Cook, that this testimony you gave before Judge Greenlee was sworn testimony?

A. It was.

Q. Was that before or after the filing of the affidavit for search warrant?

A. I was sworn when the affidavit was filed, and I was sworn again when I testified.

Q. And then when was the search warrant, exhibit two, issued with reference to the time you gave sworn testimony before Judge Greenlee?

A. After I was sworn and gave my testimony before Judge Greenlee.

Q. Did you testify concerning the property described in this affidavit for search warrant?

A. I did.

Q. And concerning the allegation in the affidavit for search warrant?

A. I did.

Q. And concerning the allegation in the affidavit?

A. I did.

Upon a filing of a motion to quash and suppress evidence the burden is upon the state to justify the issuing of a search warrant. *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657; *Meno* v. *State* (1925), 197 Ind. 16, 148 N. E. 420, 164 N. E. 93.

Can it be said in the instant case that in view of the evidence as above shown that there was probable cause for the issuance of the search warrant?

It has been held by this court that an affidavit on information and belief and containing only the affiant's conclusion upon the question of *probable cause* is not of itself a sufficient basis for the issuance of such warrant. *Wallace* v. *State, supra; State* v. *Blystone* (1928), 200 Ind. 173, 162 N. E. 233; *U. S.* v. *Pitotto* (1920), (D. C.) 267 Fed. 603.

It has also been held by this court in the recent case of *Alex Bedenarzik* v. *State* (1933), *ante* 517, 185 N. E. 114, 116, by Fansler, J., "that the showing of 3. *probable cause* for the issuance of a search warrant must be in affidavit form and copied into the search warrant, and that before the trial court these facts may not be aided by proof of parol evidence introduced before the issuing magistrate."

In the instant case there is clearly no evidence to show that the showing of probable cause for the issuance of the search warrant was in affidavit form and copied into the search warrant. The evidence and record show that this was not done, and there is even no oral evidence to show upon what grounds the court found that there was probable cause for the issuance of the search warrant.

The burden being upon the state to justify the issuance of a search warrant, and the state having failed to sustain this burden, the motion to suppress the evidence obtained by the alleged search warrant should have been sustained.

Judgment reversed.