VUKADANOVICH *v.* STATE OF INDIANA.
[No. 25,780.   Filed May 17, 1933.]

*George P. Rose,* for appellant.

*James M. Ogden,* Attorney-General, and *V. Ed. Funk,* Deputy Attorney-General, for the State.

HUGHES, J.—The appellant was convicted on the 28th day of March, 1929, for a third offense under §4 of the Prohibition Act of Indiana, chapter 48 of the Acts of 1925.

The appellant presents several errors for reversal, but as the case must be reversed on the first assignment of error, to wit, "The Lake Criminal Court erred in overruling the appellant's petition to suppress and reject the evidence," the other assignments of error will not be considered.

The question presented is identically the same as that raised in the case of *George Kranik* v. *State of Indiana* (1933), 204 Ind. 661, 185 N. E. 514, from the criminal court of Lake County, and decided by this court on the 15th day of May, 1933.  The search warrant was issued out of the same court, and the affidavit for the search was made by the same affiant and contained the same language; the only difference being different defendants and different places to be searched.  The affidavit for

the search warrant was made on information and belief and the court found there was probable cause for the issuance of the writ. The evidence given at the hearing on the motion to suppress is set out, and it clearly shows there was a total lack of evidence to show probable cause. Frank Cook, who made the affidavit for the issuance of the search warrant, testified at the hearing on the motion to suppress. He was the only witness, and his evidence, the only evidence upon this proposition. He testified that he signed a printed form for the search warrant; that he had seen intoxicating liquor on appellant's premises once before he signed the affidavit, and that was in January, 1926, more than two years before the present affidavit was made; that he did not know whether he told Judge Greenlee, who issued the warrant, that he had seen intoxicating liquor or not on the premises in question and that he couldn't tell just what he told Judge Greenlee. The foregoing, in substance, was the only evidence, other than the affidavit itself, upon which the issuing magistrate found there was probable cause for issuing the search warrant. It amounts to no evidence at all, and the motion to suppress the evidence obtained by means of such search warrant should have been sustained.

In the case of *Alex Bedenarzik* v. *State of Indiana* (1933), 204 Ind. 517, 185 N. E. 114, 116, decided by this court on March 28, 1933, it was held: "That the showing of *probable cause*" for the issuance of a search warrant must be in affidavit form and copied into the search warrant, and that before the trial court these facts may not be aided by proof of parol evidence introduced before the issuing magistrate." In the instant case this was not done.

Judgment reversed with instruction to sustain the motion to quash the search warrant and suppress the evidence.