LAMPKINS *v.* STATE OF INDIANA.

[No. 25,621. Filed November 3, 1933.]

*Walterhouse, Miller & Whipple,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Lesh & Lowther,* for the State.

MYERS, C. J.— Appellant was charged by affidavit, tried, and convicted in the court below of having possession of intoxicating liquor. Acts 1925, p. 144, §4; §2717, Burns 1926. Judgment that he pay a fine of $100 and be imprisoned for thirty days in the Delaware county jail. He prosecuted this appeal, assigning and relying on alleged errors of the trial court, among which is the overruling of his motion to suppress evidence obtained by means of a search warrant, and the overruling of his motion for a new trial, wherein he assigns as causes the overruling of his motion to suppress evidence, and, over his objection, permitting the state to introduce the search warrant and the return thereon, and a witness to testify concerning what was found by virtue of the search warrant. A motion to quash the affidavit and search warrant and to suppress the evidence obtained thereunder was timely filed. Evidence was heard and the motion overruled.

By various methods appellant has presented what we regard as the decisive question in this case, that is to say: Did the city judge of Muncie have sufficient legal evidence to authorize a finding of probable cause for issuing the search warrant? The only evidence before the city judge on the subject of probable cause was that given by the officer who made the affidavit in which was stated that "he (affiant) is informed and verily believes and has good cause and reason to believe that John Lampkins has in his possession intoxicating liquors in violation of the laws of this state," and also that he has

a still and distilling apparatus. On the filing of this affidavit with the city judge, it appears that the officer was then sworn to testify; that the evidence then given by him was not reduced to writing and that he stated that his only reason for making the affidavit was that appellant's wife appeared at police headquarters and complained of ill treatment by her husband; that he smelled intoxicating liquor on her breath, and that she was intoxicated; that he had no other reason for believing that appellant had intoxicating liquor in his possession. The result of a diligent search of appellant's premises was one ounce of whiskey. No still or distilling apparatus was found. The statement in the affidavit that the maker thereof had good cause to believe that appellant possessed a still and distilling apparatus on the premises described in the affidavit appears to have been made without anything to justify such belief.

The question of probable cause for the issuing of a search warrant is a judicial one. *Bedenarzik* v. *State* (1933), 204 Ind. 517, 185 N. E. 114. Whether the question of probable cause is raised by a motion to quash the affidavit and suppress the evidence, or at the trial when objection is made to the admission of the search warrant and the return thereon or evidence obtained by virtue of such warrant, the burden is upon the state to justify the issuing of such warrant, and the trial court may inquire into the sufficiency of the showing of probable cause. *Kranik* v. *State* (1933), 204 Ind. 661, 185 N. E. 514; *Bedenarzik* v. *State, supra.*

This court, in the Bedenarzik case, held "that the showing of probable cause for the issuance of a search warrant must be in affidavit form and copied into the search warrant, and that before the trial court these facts may not be aided by proof of

parol evidence introduced before the issuing magistrate." If the testimony in the instant case before the city judge had been reduced to writing and incorporated in the affidavit, it would not have supported a finding of probable cause for the issuing of the search warrant, for the reason it is not even shown that the wife at that time was living with appellant and that her condition was the result of intoxicating liquor obtained by her on the premises described in the affidavit.

Following the recent holdings of this court, the oral evidence before the city judge must be disregarded. The affidavit based upon undisclosed source of information, or facts supporting affiant's belief, is not sufficient to warrant a finding of probable cause. *Kranik* v. *State, supra; Bedenarzik* v. *State, supra; Vukadanovich* v. *State* (1933), ante 34, 185 N. E. 641.

Judgment reversed, with instructions to sustain appellant's motion to quash the search warrant and to suppress the evidence thereby obtained.