HEYVERT *v.* STATE OF INDIANA.

[No. 26,164.   Filed February 25, 1935.]

*Shively & Arnold,* for appellant.

*James M. Ogden,* Attorney-General, *Merl M. Wall* and *James T. Dowling,* Deputy Attorneys-General, for the State.

TREMAIN, J.—Appellant was charged by affidavit in three counts, namely: (1) unlawful possession, (2) unlawful sale, and (3) unlawful manufacture of intoxicating liquor, under Chapter 48 of the Acts of the Gen-

eral Assembly of 1925. He was tried and convicted on each count.

On appeal he has assigned as errors of the trial court:

(1) The overruling of his motion to quash the search warrant and to suppress the evidence obtained thereby; (2) the overruling of his motion for a new trial, assigning therein the alleged error of the court in overruling his motion to quash and to suppress the evidence, and (3) the alleged error of permitting the witnesses to testify at the trial as to what was found by virtue of the search warrant which was not offered and introduced in evidence.

The appellant timely moved to quash the affidavit and search warrant and to suppress the evidence obtained thereunder. Also, he objected to the introduction of the oral evidence at the trial, reserving exceptions, and by various methods preserved all questions for review in this court.

The essential part of the affidavit contained in the search warrant and upon which it was issued is as follows:

"E. H. Stephenson being duly sworn upon oath says that he believes, and has good cause to believe, that John Doe, whose true name is unknown possesses certain intoxicating liquors in violation of the laws of the State of Indiana . . ."

The affidavit was subscribed and sworn to before the city judge of South Bend on the 8th day of January, 1931. In addition to copying the affidavit in the search warrant, it contained the following statement,

". . . the court having heard the evidence submitted in support of said affidavit, and being sufficiently advised now determines and finds . . ."

No facts brought before the court by the oral evidence are contained in the search warrant.

Whatever the rule may have been formerly, it is now

settled that the question of probable cause for issuing a search warrant is a judicial one; that the question of probable cause may be raised by a motion to quash the affidavit and suppress the evidence, or at the trial on objection to the admission of the search warrant in evidence, or by objection to the introduction of the evidence obtained by virtue of the warrant. It is now the rule that the facts upon which the search is based must be stated therein. This question is fully discussed in *Bedenarzik* v. *State* (1933), 204 Ind. 517, 185 N. E. 114. On the question of showing probable cause for the issuance of the search warrant the court at page 523 said:

". . . and that the affidavit be copied into the search warrant; and require us to hold that the showing of *probable cause* for the issuance of a search warrant must be in affidavit form and copied into the search warrant, and that before the trial court these facts may not be aided by proof of parol evidence introduced before the issuing magistrate."

The parol evidence introduced before the city judge was not reduced to writing and incorporated in the search warrant. This being true, such evidence given before the city judge must be disregarded by this court. In *Lampkins* v. *State* (1933), 205 Ind. 589, 592, 187 N. E. 374, this court said:

"Following the recent holdings of this court, the oral evidence before the city judge must be disregarded. The affidavit based upon undisclosed source of information, or facts supporting affiant's belief, is not sufficient to warrant finding of probable cause."

*Vukadanovich* v. *State* (1933), 205 Ind. 34, 185 N. E. 641, follows the rule laid down in the Bedenarzik case. Also see *Kranik* v. *State* (1933), 204 Ind. 661, 185 N. E. 514.

It affirmatively appears from the record in this case

that oral testimony was heard by the city judge at the time the search warrant was issued. Also, it affirmatively appears that such evidence is not contained in the affidavit and in the search warrant. The motion to suppress the evidence should have been sustained.

Even if the search warrant had been properly issued, this cause would be reversed upon the action of the trial court in hearing testimony of the officers who served the warrant concerning what they found on the premises searched, for the reason that the search warrant was not offered and introduced in evidence at the trial. Before the state was entitled to introduce the testimony of the officers who searched appellant's premises under the pretext of a search warrant, it must be shown that such evidence was obtained by lawful process. See *Mata* v. *State* (1932), 203 Ind. 291, 179 N. E. 916, for a full discussion of this question.

Judgment reversed, with instructions to sustain appellant's motion to quash the search warrant and to suppress the evidence obtained thereby.