ROHLFING *v.* STATE OF INDIANA

[No. 28,506. Filed October 20, 1949.]

*Emerson T. Bruner,* of Shelbyville; and *Hugh D. Wickens, Hubert E. Wickens* and *Frank Hamilton,* all of Greensburg, for appellant.

*J. Emmett McManamon,* Attorney General, *Merl M. Wall,* Deputy Attorney General and *Charles F. O'Connor,* Deputy Attorney General, for appellee.

JASPER, J.—Appellant was charged by affidavit with receiving stolen goods under § 10-3017, Burns' 1942 Replacement. He was tried by jury, convicted, and sentenced.

The record discloses that a search warrant was issued, and that, prior to the trial, an amended verified motion to quash the search warrant and suppress the evidence was filed. A hearing was held on the amended verified motion and it was overruled by the court.

Appellant presents only two questions before this court under his specifications raised in his motion for a

new trial: (1) The alleged error of the court in over-ruling appellant's amended verified motion to quash the search warrant and suppress the evidence, and (2) the alleged error of the court in failing to instruct the jury to disregard prejudicial remarks of the prosecuting attorney in his closing argument, and failure of the court to set aside the submission and discharge the jury.

Appellant first contends that the affidavit for the issuance of a search warrant fails to show probable cause. The record shows that, in addition to the affidavit for the search warrant, oral testimony of two witnesses was heard, the substance of which testimony was placed in the search warrant, but not reduced to affidavit form. The affidavit in the search warrant was based on information and belief. It states in part:

" . . . and that Cleo Youngman of Napoleon Indiana has informed this affiant that he purchased a Winchester rifle Model 52 that had the serial number filed off of it, from the said Virgil Rohlfing and John Layton cap*tan* of Police in Greensburg, Indiana has identified said gun as one of the guns stolen from the said Al Doerflinger and further the said Cleo Youngman informed this affiant that he saw a Remington Automati*ce* Shotgun 16 guage, new and one Remington pump gun 12 guage, new and other guns in the home of the aforesaid Virgil Rohlfing at 639 West Central Avenue Greensburg, Indiana Decatur County."

The search warrant recites therein that:

"Upon the filing of said affidavit testimony of John W. Layton and Earl Marlowe was heard immediately who testified that the gun recovered was the property of Al Doerflinger and was stolen from said Doerflinger and that Cleo Youngman bought the same from Virgil Rohlfing."

This court has held that an affidavit upon information and belief, and containing only affiant's conclusion upon

probable cause, is not of itself sufficient basis for a search warrant. The search warrant and the statements upon oath and affirmation upon which probable cause is based must comply strictly with the Constitution and statutory law which permits a search and seizure. *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657;[1] *Bedenarzik* v. *State* (1933), 204 Ind. 517, 185 N. E. 114.

The Legislature, in 1933, amended § 9-602, Burns' 1942 Replacement (Acts of 1933, ch. 248, § 1, p. 1121), by adding the following paragraph:

---

[1]"The form of affidavit prescribed by the legislature is:

" 'If any person shall make an affidavit before any mayor, justice of the peace or judge of any court that such affiant has reason to believe, and does believe, that on any described or designated premises or tract of land, there is intoxicating liquor or a still or distilling apparatus which is being sold, bartered, used, or given away, or possessed in violation of the laws of this state, such justice of the peace, mayor or judge shall issue his warrant to any officer having power to serve criminal processes and cause the premises designated in such affidavit to be searched,' etc. Acts 1925, § 31, p. 144; § 2746, Burns' 1926.

"If it was intended by this statute to declare that an allegation in the affidavit, such as therein prescribed, shall be sufficient to show probable cause, and that an affidavit embodying such allegation alone is proof sufficient to warrant the magistrate to determine the question of probable cause, then, in our opinion, the legislature, in that respect, exceeded its power, although it may make a certain act or series of acts *prima facie* evidence of a fact, yet it is not within its province to say to any judicial officer that when he has heard proof of certain facts, the evidence thus adduced before him shall constitute conclusive proof of the fact in issue in the trial of the cause before him.

"The axiomatic principle of law concerning the issuing of a search warrant that the matter of consideration of the subject and determination, either for or against the affidavit, and showing upon oath or affirmation in its support of *probable cause*, is judicial, and in no sense ministerial or for decision by the maker of the affidavit or witness under oath or affirmation, determines the question at bar." *Wallace* v. *State, supra* (pp. 328, 329 of 199 Ind., pp. 660, 661 of 157 N. E.).

"If any other evidence be heard for the purpose of establishing probable cause, such evidence shall be reduced to writing and filed with the affidavit for the search warrant."

The Legislature, in 1941, amended the search warrant act (Acts of 1941, ch. 160, § 2, p. 489) by deleting the above-quoted paragraph. The present act therefore makes no reference to oral evidence. The search warrant act in this state, in so far as probable cause is concerned, is the same as it was prior to the 1933 act, and does not provide for the hearing of oral evidence upon which to base probable cause. *Bedenarzik* v. *State, supra; Heyvert* v. *State* (1935), 207 Ind. 654, 194 N. E. 324; *Barrar* v. *State* (1934), 207 Ind. 706, 193 N. E. 94.

Our statute providing for the copying of the affidavit into the search warrant, being § 9-603, Burns' 1942 Replacement, is for a definite purpose. It is through this procedure that the person against whom the search warrant is issued is advised of the person making the charge. Oral testimony takes this right away. The case of *Gwinn* v. *State* (1929), 201 Ind. 420, 166 N. E. 769, which approved the taking of other testimony, was overruled by implication in *Bedenarzik* v. *State, supra.*

The search warrant in this case was not sufficient to show probable cause for the reason that the material part of the affidavit showing probable cause was based on hearsay. The judicial determination of probable cause as required herein must be based on facts and not on hearsay. *Wallace* v. *State, supra,* at page 329 of 199 Ind.; *Bucari* v. *Fili* (1940), 31 F. Supp. 433; *Worthington* v. *United States* (1948), 166 F. 2d 557, 564.[2] The cases of *Gwinn* v. *State, supra,* and *Carson* v.

---

[2] "What kind of facts should the officer have knowledge of to justify arrest on probable cause? Is knowledge of facts of a

*State* (1932), 204 Ind. 273, 183 N. E. 544, which indicate to the contrary, are hereby overruled in so far as they conflict with this opinion.

It was error for the court not to sustain the ■ motion to quash and to suppress the evidence gained by the illegal search and seizure.

The second question raised under the motion for a new trial was the failure of the court to admonish the jury to disregard certain remarks of the prose- ■ cuting attorney in his closing argument, and the failure of the court to set aside the submission and discharge the jury for this alleged misconduct. Special bill of exceptions number one conclusively shows that the remarks of the prosecuting attorney were invited by the remarks of appellant's counsel in his closing argument. A party cannot complain of action which he, himself, invites. *White* v. *State* (1944), 222 Ind. 423, 54 N. E. 2d 106.

Judgment reversed, with instructions to sustain the motion to quash the search warrant and suppress the evidence illegally gained thereby.

NOTE.—Reported in 88 N. E. 2d 148.

hearsay nature sufficient, or only evidence which would be competent on the trial of the offense?

"Many decisions have left the answer obscure, but any uncertainty in the matter was finally resolved in *Grau* v. *United States*, 287 U. S. 124, 53 S. Ct. 38, 40, 77 L. Ed. 212, in which the court, speaking through Mr. Justice Roberts, in an opinion of conciseness and clarity, laid down the rule:

" 'A search warrant may issue only upon evidence which would be competent in the trial of the offense before a jury (*Giles* v. *United States*, 1 Cir., 284 F. 208; *Wagner* v. *United States*, 8 Cir., 8 F. 2d 581); and would lead a man of prudence and caution to believe that the offense has been committed. (*Steele* v. *United States*, 267 U. S. 498, 504, 45 S. Ct. 414, 69 L. Ed. 757.)' "