STATE EX REL. FRENCH *v.* HENDRICKS SUPERIOR COURT, HELTON, JUDGE.

[No. 369S44. Filed May 2, 1969. No petition for rehearing filed.]

*Thomas J. O'Brien, Ryan Tind & Deckard,* Danville, for relator.

*M. Dale Palmer, Palmer & Hinkle,* Danville, for respondent.

JACKSON, J.—This matter comes to us by way of a Verified Petition For a Temporary Writ of Prohibition wherein relator prays that respondents be prohibited and restrained from proceeding any further in a certain cause entitled *The State of Indiana v. Richard Allen French.* Such cause is numbered SCR 69-3 on the dockets of respondent court and is an affidavit charging relator with the crime of auto theft.

It appears that on January 12, 1969, relator was arrested without warrant for stealing an automobile. The arrest was made by Indiana State Trooper and Marion County Deputy Sheriffs who responded to a radio dispatch that a subject had stolen an automobile and had abandoned it in the vicinity of High School Road and U. S. Highway 40.

The verified petition alleges that said affidavit was filed in respondent court on January 13, 1969, that relator was on the 13th day of January, 1969, arrested on a warrant issued out of respondent court as a result of the filing of the affidavit above mentioned. Relator alleges that no judicial inquiry was made, hearing had to determine the existence of probable cause prior to the issuance of the warrant for relator's arrest on January 13, 1969. Relator further alleges that on the 13th day of January, 1969, respondent court, on learning relator was seventeen years of age, waived jurisdiction of relator to the Juvenile Court of Hendricks County, Indiana; that thereafter on the 21st day of January, 1969,

the Hendricks Circuit Court sitting as the Juvenile Court of Hendricks County, Indiana, held a waiver hearing relative to the relator and the crime with which he was charged by the affidavit above referred to, at the conclusion of which the Juvenile Court of Hendricks County, Indiana, transferred jurisdiction of relator and the charge on which he was arrested back to the Superior Court of Hendricks County, Indiana, where relator was to be required to stand trial as an adult. On the 22nd day of January, 1969, respondent court re-assumed jurisdiction in cause No. SCR 69-3 in said court. Being advised relator did not have counsel, the court appointed Thomas J. O'Brien as pauper attorney for relator and set bond for relator at the sum of $3,000.00.

Thereafter on February 10, 1969, relator filed a Motion to Quash the arrest warrant, supported by memorandum, on the grounds that there was no determination made of existence of probable cause before the warrant was issued. Further, by reason of the failure to determine probable cause prior to the issuance of the arrest warrant, it was contended that the issuance thereof was void, outside the scope of law and that the Sheriff of Hendricks County, Indiana, had no legal authority to arrest relator on the authority of such warrant.

On February 13, 1969, more than thirty days after the arrest warrant heretofore mentioned had been issued and more than thirty days after relator had been arrested by virtue thereof, the State of Indiana, by and through the Prosecuting Attorney for the 55th Judicial Circuit, caused to be filed in the office of the Clerk of the Superior Court of Hendricks County, Indiana, an affidavit entitled "Probable Cause Affidavit."

February 19, 1969, relator filed a Motion to Quash the affidavit entitled "Probable Cause Affidavit," supported by memorandum on the grounds that the affidavit was in itself a tacit admission that the arrest warrant issued January 13, 1969, did not comply with the constitutional standards for

the issuance of arrest warrants and was, therefore, in violation of the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Constitution of the State of Indiana.

February 20, 1969, respondent Judge heard oral argument on relator's Motion to Quash arrest warrant and on relator's Motion to Quash "Probable Cause Affidavit," and overruled both motions.

Relator urges inter alia that the Prosecuting Attorney for said Judicial District stated "That there is no legal way to refile this case against Richard Allen French"; that in view of his incarceration in the Hendricks County Jail the statement of the Prosecuting Attorney, the fact that he is a pauper unable to raise even $10.00 for bail, denial of his constitutional rights, the illegal assumption of jurisdiction of this cause by respondent court will do relator irreparable harm and prays that there issue from this Court a Temporary Writ of Prohibition against respondents and each of them prohibiting and restraining each and both of them from proceeding any further in said cause and/or assuming, taking or exercising any authority or jurisdiction in or over said cause, etc.

The Court heard oral argument on the issues presented herein on the 10th day of March, 1969, and took the matter under advisement in order to give the full Court opportunity to fully and carefully consider all questions presented hereby.

In order to clearly present the issues we deem it advisable to incorporate herein, in pertinent part, the exact wording of some of the pleadings, beginning with the affidavit filed herein.

The affidavit was attached to and made a part of relator's petition, marked Exhibit A and reads as follows, to-wit:

| "THE STATE OF INDIANA | |
|---|---|
| vs. | Affidavit for |
| Richard Allen French | THEFT |
| (In Jail) | |

BE IT REMEMBERED, that on this day, before me, M. DALE PALMER Prosecuting Attorney 55th Judicial Circuit, Walter D. Ferrell personally came who, being duly sworn upon his oath, says that, as he is informed and believes, Richard Allen French on the 12th day of January, A.D., 1969, at and in the county of Hendricks and State of Indiana, then and there committed the crime of theft in that he knowingly, unlawfully and feloniously obtained and exerted unauthorized control over property of Walter D. Ferrell, to-wit: 1955 Mercury automobile of the value of $110.00, intending to deprive the said Walter D. Ferrell permanently of the use and benefit of said property, the same being contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Indiana.

/s/ Walter D. Ferrell

Subscribed and sworn to before me, this 13 day of January, A.D., 1969.

/s/ M. Dale Palmer
Prosecuting Attorney
55th Judicial Circuit

Approved by me:
/s/ M. Dale Palmer    Prosecuting Attorney"

Exhibit B is the warrant issued in response to the filing of Exhibit A, and the Sheriff's return thereon, and in pertinent part reads as follows, to-wit:

"STATE OF INDIANA, HENDRICKS COUNTY, ss:

THE STATE OF INDIANA, TO THE SHERIFF OF HENDRICKS COUNTY OR ANY OTHER PEACE OFFICER OF THE STATE OF INDIANA, GREETING

You are hereby commanded to arrest RICHARD ALLEN FRENCH if HE may be found in your bailiwick, so that you have HIS body before the Judge of the Hendricks Superior Court, instanter, then and there to answer the State of Indiana on a charge of THEFT and abide the order of the court thereon and return this writ.

WITNESS, the Clerk and seal of said court, this 13th day of January, 1969.

/s/ John Gambold, Jr., Clerk."

"Came to hand this 13 day of Jan., 1969. Was served

as commanded by reading to and in the presence and hearing of the within named Richard Allen French, and by taking her (sic) into my custody.
Was served as commanded by leaving a true and correct copy at the usual place of residence of the within named
————.

Done this 13 day of Jan., 1969.

Merle Funk
Sheriff Hendricks County"

Exhibit C is a copy of the court's minutes relative to this cause and in pertinent part reads as follows:

## "MINUTES OF THE COURT

1-13-69
Approved affidavit filed (H.I.), Warrant ordered issued to Shf. of Hend. Co., or any other peace officer of the State of Ind., Bond set at $3,000.00. Warrant issued accordingly.
1-13-69
Comes now the State of Indiana by M. Dale Palmer , Prosecuting Attorney; comes also the defendant, Richard Allen French, in person and without an attorney for arraignment. Defendant, Richard Allen French states in open Court that he is 17 years of age on this date. The Court being duly advised now transfers this matter to the Juvenile Court with reference to said defendant and the bond is to remain in the amount of $3,000.00.
1-22-69
Court having received the Clerk's certificate that the Hendricks County Juvenile Court in Cause No. J-69-4 has waived juvenile jurisdiction and transferred said cause back to Hendricks County Superior Court, the Court now reassumes jurisdiction of the defendant, Richard Allen French.
1-22-69
Court having reassumed jurisdiction, comes now the State of Indiana by M. Dale Palmer, Prosecuting Attorney, comes also the defendant, Richard Allen French for arraignment. Defendant advises the Court that he does not have an attorney. Court being duly advised, now appoints Thomas O'Brien as pauper attorney for defendant. Defendant is remanded to the custody of the Sheriff of Hendricks County until good and sufficient bond in the amount

of $3000.00 each has been furnished and approved.

2-10-69

Comes now defendant and files Motion to Quash Arrest Warrant (H.I.) and Memorandum in Support of Motion to Quash Arrest Warrant (H.I.). Court sets this matter for hearing at 11:00 o'clock A.M. on the 20th day of February, 1969. (Clerk to notify all attorneys of record)

2-14-69

Comes now H. Dale Palmer, Prosecuting Attorney of the 55th Judicial Circuit and files Probable Cause Affidavit (H.I.). The Court being duly advised sets this matter for hearing at 11:00 o'clock A.M. on the 20th day of February, 1969. (Clerk to notify all attorneys)

2-20-69

Comes the State of Indiana, by M. Dale Palmer, Prosecuting Attorney, comes also the defendant, Richard Allen French, in person and with pauper attorney, Tom O'Brien. Court hears argument on motions to quash arrest warrant and probable cause affidavit and takes ruling thereon under advisement.

2-24-69

Court being duly advised, overrules defendant's motion to quash arrest warrant and overrules defendant's motion to quash probable cause affidavit. Court finds that the original affidavit filed which had been approved by the Prosecuting Attorney for the 55th Judicial Circuit, along with the probable cause affidavit was sufficient showing of probable cause for the issuance of a warrant for the arrest. Court further finds that it would be useless of (sic) set aside the warrant issued hereinbefore and then order another to issue *in view of the fact that the defendant could not be discharged and no harm has been done since the defendant has been in custody of the Sheriff under arrest prior to the filing of the original affidavit.* Court, therefore, does now overrule defendant's motion to quash warrant for arrest of defendant. The Court now advises Tom O'Brien, attorney for defendant, that arraignment is set for 10:00 A.M. on February 25, 1969, and Mr. O'Brien requests additional time to discuss the matter with his client, and arraignment is continued until March 17, 1969, at 9:00 a.m. (Clerk to notify Prosecuting Attorney, Sherif and Tom O'Brien) (emphasis added).

2-26-69

Defendant files verified motion for continuance (H.I.). The Court being duly advised grants said motion and continues this matter until March 21, 1969, at 9:00 a.m. (Clerk to notify all attorneys and Prosecuting Attorney)."

Exhibit D is the Clerk's certificate showing waiver of jurisdiction by juvenile court and transfer thereof back to Superior Court and is omitted here as it is referred to at Exhibit C above.

Exhibit E is a copy of the Motion to Quash Arrest Warrant with supporting memorandum heretofore referred to as having been filed February 10, 1969. This exhibit is omitted as it has previously been summarized.

Exhibit F reads as follows:

| | | |
|---|---|---|
| "STATE OF INDIANA | | In The |
| Hendricks County | | Hendricks |
| State of Indiana | ss: | Superior Court |
| vs. | | 1969 Term |
| Richard Allen French | | Cause No. SCR 69-3 |

PROBABLE CAUSE AFFIDAVIT

WALTER D. FERRELL, being first duly sworn, says that:
On January 12, 1969, I saw a young man take my 1955 Mercury automobile from my driveway. I chased and caught him, recovering the car, but he got away. He was later caught by the Indiana State Police and identified as Richard Allen French.

/s/ WALTER D. FERRELL
Walter D. Ferrell

Subscribed and sworn to before me, M. Dale Palmer, Prosecuting Attorney, 55th Judicial Circuit, this 13 day of February, 1969.

/s/ M. DALE PALMER
M. Dale Palmer
Prosecuting Attorney

My Term Expires:
December 31, 1970

CERTIFICATE

I certify that I have served a copy of the foregoing Probable Cause Affidavit upon Mr. Thomas J. O'Brien, attorney for the defendant, Richard Allen French, by de-

positing a copy of same in the receptacle provided in the Hendricks County Clerk's Office this 13 day of February, 1969.

/s/ M. DALE PALMER
M. Dale Palmer

Exhibit G is a copy of Motion to Quash Affidavit Titled "Probable Cause Affidavit," omitting heading, signature verification and memorandum in support such motion reads in pertinent part as follows:

"The defendant, Richard Allen French, appearing specially herein by his attorney, Thomas J. O'Brien, for the purpose of filing a motion to quash probable cause affidavit, and for no other purpose whatsoever; does now request the Court to quash the arrest warrant in the above entitled cause on the following grounds:

1. That the affidavit in itself contains facts which, if true, would constitute a legal bar to the prosecution of this defendant, and

2. That there is no authority provided in law for the filing of an affidavit for probable cause thirty (30) days after an arrest warrant has already been issued."

We have, at some length, set out the record in the case at bar to delineate the issues here for determination. It appears clear to us that two questions are here presented:

A. Must a showing of probable cause before a neutral and detached magistrate precede the issuance of a lawful arrest warrant?

B. If the answer to A is yes, then who must make the determination of the existence of probable cause, and how may the showing of probable cause be made within the framework of existing constitutional, statutory and case law?

It is clear to us that proposition A must be answered in the affirmative. This has been, since 1852, a constitutional requirement embodied in Article 1, § 11 of the Constitution of the State of Indiana, which is identical to the Fourth Amendment of the Constitution of the

United States. Article 1, § 11, provides in part that: "No warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized." Consequently, since the Constitution provides that the warrant cannot issue except upon probable cause, the showing of probable cause must necessarily precede the issuance of the warrant.

As to proposition B, above, it is a long standing rule in Indiana that the determination of probable cause is a judicial determination to be made by a judge or magistrate, and not a ministerial determination. *Wallace v. State* (1927), 199 Ind. 317, 157 N. E. 657. In *Kinnaird v. State* (1968), 251 Ind. 506, 242 N. E. 2d 500, this Court stated that, "a judicial determination is a requirement that goes to the heart of the Fourth Amendment." In *Kinnaird* the term "magistrate" was used to describe the type of judicial officer before whom the showing of probable cause must be made, and who must make the determination as to the existence of probable cause. the word "magistrate" appeared in *Giordenello v. United States* (1958), 357 U. S. 480, and *Aguilar v. Texas* (1964), 378 U. S. 108, and was carried over into *Kinnaird v. State, supra.* In *Kinnaird* the word "magistrate" was given a broad interpretation. As used in that case the word "magistrate" includes the judge of any court of this state authorized to issue process, to accept pleas, to hear and determine cases and to render judgments. The magistrate is a "neutral and detached magistrate" if at the time of the issuing of the warrant, he has no personal interest in the case other than that of performing the judicial duty of determining the presence of probable cause before issuing the warrant. Further, the mere fact that a judge has ruled upon a showing of probable cause does not necessarily disqualify that judge from trying that case on its merits.

The manner in which the showing of probable cause may be made is clearly indicated, we think, in the *Kinnaird* case, *supra*. For years the courts of this and our sister states have been able to cope successfully with the problem of probable cause in the preliminaries to the issuance of search warrants, and it seems to us quite reasonable to expect them to do so with respect to arrest warrants. In our opinion, the showing of probable cause may be made in several ways. It may be in the form of an affidavit setting forth enough of the underlying facts and circumstances to enable a neutral and detached magistrate to draw his own conclusions as to the existence of probable cause. The showing may also be made by the testimony of sworn witnesses transcribed by the court reporter and made a matter of record, and which testimony sets forth the facts and circumstances upon which the judicial determination of probable cause may be made.

However, the affidavit setting forth the showing of probable cause for obtaining the arrest warrant need not be the same affidavit that charges the accused with the crime for which his arrest is sought. Further, there is, in our opinion, no need for a hearing to determine probable cause where a grand jury has returned an indictment. The return by the grand jury is a showing of probable cause as at least five of the six members of the grand jury must concur before the indictment can be returned. Therefore, since the grand jury, in returning the indictment, makes the determination as to the existence of probable cause, the probable cause determination need not be made by a neutral and detached magistrate in those cases where the prosecution is by indictment.

Turning now to the question of the effect of the filing of the Probable Cause Affidavit in the case at bar, we hold that inasmuch as the same was sworn to and filed thirty days or more after the arrest warrant was issued it was not and could not have been considered

in aid of a showing of probable cause immediately before or at the time of the issuance of the arrest warrant. We agree with relator that the filing of such affidavit at such late date is a tacit admission on the part of the State of Indiana that there was no hearing or determination of probable cause prior to the issuance of the warrant for relator's arrest.

Therefore, we must, and do, hold that the arrest warrant issued herein, as shown by the record, was illegally issued in that it was issued without a showing of probable cause as is required by both the Constitution of the State of Indiana and the Constitution of the United States. *Kinnaird v. State, supra;* Art. 1, § 11, *supra;* U. S. Const. amend. IV.

Accordingly, since the arrest warrant of January 13, 1969, was illegally issued, it is null and void, and respondents are hereby ordered to discharge relator from custody on said warrant.

However, "since relator has been in custody of the Sheriff under arrest prior to the filing of the original affidavit" (*supra,* P. 6, entry 2-24-69) we are unable to grant that portion of the relator's prayer for relief seeking discharge from custody of the Sheriff of Hendricks County. Relator's petition does not challenge the validity or seek relief from the arrest referred to by the court in its minutes and that question is not before us, hence we here express no opinion as to the validity thereof.

That portion of relator's petition which seeks to prohibit respondents from assuming, taking or exercising any further authority or jurisdiction by virtue of the warrant for relator's arrests over the cause of action entitled *"State of Indiana v. Richard Allen French"* now pending in respondent court as number SCR 69-3 is hereby denied.

DeBruler, C. J., concurs; Hunter, J., concurs with opinion; Arterburn, J., dissents with opinion; Givan, J., dissents with opinion.

CONCURRING OPINION.

HUNTER, J.—I completely concur in the majority opinion and add to it only because I wish to minimize any potential for confusion that might arise from what I believe is a misstatement of the facts in the dissenting opinion of Arterburn, J.

I.

Prior to the hearing on this petition on March 10, 1969, there were no papers or court records before this court relating to the circumstances surrounding the original apprehension of the petitioner on January 12. The only facts which were before this court were related to the "arrest" of the petitioner pursuant to a warrant which was issued on January 13. The petitioner and prosecutor seemingly had assumed that the legality of the petitioner's incarceration would stand or fall on that arrest warrant. Both the majority and the dissent are in agreement that this is not so. If, in fact, there was a valid "sight arrest" [without a warrant] by a police officer with probable cause on January 12, the petitioner's incarceration in the Hendricks County Jail would be lawful even if an arrest warrant was thereafter illegally obtained.

After the hearing and while this court was considering the merits of this petition, it became obvious that before we could determine the legality of the petitioner's incarceration, the facts surrounding his original apprehension on January 12 would have to be known. The parties were then asked to stipulate as to the circumstances surrounding the original apprehension but were unable to do so. In lieu thereof, the petitioner filed a letter stating that *"it is impossible to agree"* on these essential facts, and the prosecutor filed an affidavit from the arresting officer. Of course, *neither of these documents can serve as a sound basis for fact findings by this court.*

In spite of this, the dissent has seen fit to set forth the assertions of the prosecutor, the prosecuting witness, and the arresting officer as "clear facts." We simply do not have the evidence to become the triers of fact as regards the circumstances surrounding the petitioner's original apprehension. The majority, therefore, has wisely refused to determine this issue and has decided instead to deal only with the legality of the petitioner's incarceration *under the arrest warrant.* This does not mean that the majority is "assuming that an arrest warrant was necessary in this case" as is stated in the dissent, but only that judgment is being withheld on this particular issue so that it may be determined by a court that has enough relevant information to make an informed decision on the matter.

## II.

The dissent then turns to the charging affidavit. Noting that it was signed by a witness who allegedly also saw the petitioner commit the crime, the dissent concludes that "we cannot understand what stronger facts are necessary to show probable cause. . ." The dissent does not explain how any magistrate could have possibly known that the affiant was a witness to the crime on the date the arrest warrant was issued. The charging affidavit is couched in the language of the offenses Against Property Act and it states only that the affiant "is informed and believes" that petitioner perpetrated the attempted theft. Nowhere does the affidavit even infer that the affiant had actually witnessed the crime, and, if it had, the entire problem in this case could have been avoided. Rather, the only document which even mentions this essential fact is the so-called probable cause affidavit which was filed one month after this issuance of the warrant and which, even according to the dissent, is "an irrelevant and needless step in the proceedings." Thus, what appears to Arterburn, J., as a "travesty on justice" is nothing more than the *Kinnaird* rule requiring only that the affiant allow the

magistrate to determine probable cause by setting forth the essential facts, either in an affidavit or at a hearing. The majority opinion in no way requires more than an eye witness for probable cause, but it does require that such probable cause be known by magistrate who issues the arrest warrant.

### DISSENTING OPINION.

ARTERBURN, J.—The majority opinion in this case evades the real issues and only confuses the law in the field concerned. I considered this case on affidavits filed which are uncontradicted, yet the majority refuses to recognize these facts so proved in order to maintain their previous position.

The facts in this case are very clear that the relator, Richard Allen French, had escaped from legal detention in the Indiana Boys' School at the time he was taken into custody and arrested for having stolen an automobile. The owner of the automobile saw the defendant "take my 1955 Mercury automobile from my driveway. I chased and caught him, recovering the car, but he got away. He was later caught by the Indiana State Police and identified as Richard Allen French." The facts further show by affidavit of the arresting officer that he was immediately informed of the theft of the car and arrested French for car theft shortly after the theft in the vicinity where the car was found. The policeman who arrested him acted upon information furnished him by the owner of the car, who saw French take his car. That is sufficient to show probable cause under old common law principles for the arresting officer to arrest French.

There is no misstatement of facts in this case as claimed by Judge Hunter. I rely upon the uncontradicted affidavits filed and recorded in this case, which the majority blindly refuses to consider in order to maintain their previous position. One affidavit is by the owner of the car who saw French attempt to steal his car. The other affidavit is by the arresting officer, which reads as follows:

"Larry J. Harshman, being first duly sworn upon his oath says:

"1. I am an Indiana State Trooper assigned to District 9, Marion County, Indiana.

"2. That on January 12, 1969, while on patrol at High School Road and Minnesota Street, Indianapolis, Indiana, I received a radio dispatch that a subject had stolen a car; that the owner had chased him to High School Road and U. S. 40, Indianapolis, Indiana, that the subject had jumped from the car and ran.

"3. I, and other State Troopers, and Marion County Deputy Sheriffs with police dogs started searching the area.

"4. The police dogs flushed the subject, Richard Allen French, from behind a house on West Morris Street.

"5. The subject, Richard Allen French, was handcuffed and placed in a police car and I took him to Stout Field, District 9 State Police Post. Detective Frank Love returned the subject to Plainfield, Indiana.

"6. The reason I took Richard Allen French into custody was because of the stolen car report and description. I don't recall receiving any information relative to French being a Boys School escapee until after he was handcuffed and in the patrol car."

It is true the attorney for French in this case stated (not under oath, however) that it was impossible to agree upon the facts and that French, the relator, had no actual knowledge of what the policeman "had in his mind" at the time he arrested French. However, that statement does not prevent this Court from considering the affidavits which are uncontradicted that do reveal the true facts. It is our duty to accept the facts in order to reach a just decision and not evade the same. This is the first time I have ever known this Court to refuse to consider uncontradicted affidavits filed in an original action in order to determine the facts and reach a correct result.

As stated previously, these uncontradicted facts without question show probable cause at common law for the arresting officer to arrest French. I do not see how there could be any question about such an old common law principle.

Thereafter the affidavit charging the relator with the crime was signed and sworn to by the owner of the car who saw French take the car. This affidavit was approved and filed by the prosecuting attorney, and as a result an arrest warrant was issued thereon. If there ever was a case made out in an affidavit for probable cause, it certainly existed in this case, where the owner who saw him steal the car makes the affidavit charging the offense which he plainly saw occur. I cannot understand what stronger facts are necessary to show probable cause when the one who saw the crime committed swears to it in unequivocal words. To have this Court then hold there is no probable cause in this case for the issuance of a warrant and that no warrant for arrest can issue in this case to me appears to be a travesty on justice.

The mere fact that the prosecuting attorney filed an additional affidavit for probable cause in order to support the issuance of a warrant appears to me to be an irrelevant and needless step in the proceedings, and we need give it no consideration whatever. No doubt the prosecuting attorney, because of the confusion caused in the case of *Kinnaird v. State* (1968), 251 Ind. 506, 242 N. E. 2d 500 thought it best to file such an affidavit of probable cause in addition, although there existed from the facts in the case more than sufficient probable cause for the arrest. The mere added precaution of the prosecuting attorney should not prejudice the State, nor deter this Court from the controlling principle with reference to the facts showing probable cause for the arrest.

The regrettable feature, as I originally pointed out in my dissenting opinion in *Kinnaird v. State, supra,* is that case should not have been decided upon the principles stated in the majority opinion, since there was no clerk's record before us in the transcript and no judgment in the record. The case could have been dismissed on that basis. This I called to the attention of the majority members of the Court, but it was disregarded, and they unnecessarily saw fit to decide the case

on principles which are now causing so much confusion and uncertainty.

Now here again we have a case before us that should be decided on the simple legal principle that the police officer made an arrest upon reliable information of the commission of a felony (car stealing), with the defendant in flight. We need not go out on various tangents to decide this case, reaching out into unknown, untried fields. In the *Kinnaird* decision it was stated: "It is not our intention to limit the authority of law enforcement officers to make lawful arrests without warrants in those instances where warrants are required", yet this case before us now contradicts that very statement.

Let me first point out that the constitutional amendment referred to, namely, "no warrant shall issue but upon probable cause supported by oath or affirmation and particularly describing the place to be searched and the person or thing to be seized", refers merely to search warrants used to seize things which are or persons who are hidden upon private premises. There is a historical purpose for such a provision in the Constitution. It does not refer whatever to arrest warrants. Again we find the Court going out of its way in drawing unnecessary restrictions in the enforcement of the law. It is a preposterous principle of the law, which I recognize the United States Supreme Court upholds, however, that evidence illegally obtained cannot be used in a trial, no matter how relevant and how guilty the defendant is revealed to be, because the police or law enforcement officer should be punished by not letting the evidence be used in a trial. In other words, the high court feels that it is more important to punish the police than the guilty defendant. There are separate means of punishing police without such methods, if it really does punish them. We shall say no more about such erroneous theory propounded and now in operation.

If we assume the arrest to be illegal, it can only affect the admission of evidence obtained by a search based upon

the arrest and nothing more. In this case there was no evidence involved and no search which produced any evidence.

There being no illegal search here and no evidence thus obtained to be offered in any trial of the defendant, the assumed illegal arrest should have no significance in this case other than causing a duplication of efforts in having a second hearing on probable cause and an arrest warrant issued thereafter.

In *Layton* v. *State* (1968), 251 Ind. 205, 240 N. E. 2d 489, this Court stated:

"It seems that the appellant further contends that the arrest was illegal, the mere fact in itself, if the appellant is tried, is sufficient grounds for a new trial. The illegality of the arrest affects only the admissibility of the evidence, as in the case of a search warrant. It does not affect the right of the state to try the appellant. The appellant fails to point out what the remedy would be if an appellant could not be tried merely because the arrest was illegal. Must he be set free in event of an illegal arrest? Must the defendant be returned and set free in California or on the steps of the courthouse and immediately rearrested under a valid warrant before he can be tried? We do not believe a court should engage in such futile and idle motions. To do so makes the judicial processes a laughing matter for the public."

The majority opinion, assuming that an arrest warrant was necessary in this case, leaves unanswered many serious questions and may even create new ones. Apparently the effect of the *Kinnaird* case was to declare unconstitutional Burns' § 9-1001, which provides that an arrest warrant shall issue upon the filing of a valid criminal charge by the prosecuting attorney, for the reason that there must be additionally a hearing showing probable cause before a disinterested magistrate. The statute plainly gives the prosecuting attorney the jurisdiction and authority to determine probable cause when he files the affidavit and approves it. The reason given for its unconstitutionality is that the prosecuting attorney is not *disinterested*, but is a prosecuting official engaged in ·"fer-

reting out crime". *Johnson v. United States* (1948), 333 U. S. 10, 68 S. Ct. 367, 92 L. Ed. 436.

The majority opinion is basically inconsistent in stating that the magistrate who hears the question of probable cause must be neutral and disinterested, and in the *Kinnaird* case must not be one ferreting out crime, when in the next paragraph in that same opinion it states there is "no need for a hearing to determine probable cause where a grand jury has returned an indictment." A grand jury is not a neutral or detached magistrate, but is engaged in fact in "ferreting out crime". It seems to me, under the theory of the majority opinion, there could be no difference between the action of a prosecuting attorney and that of a grand jury in respect to the right of the defendant to have a hearing on probable cause before a charge is filed and an arrest warrant issued. The fact that there are six men on a grand jury ferreting out crime instead of one in the case of a prosecuting attorney, should make no difference.

The majority opinion also leaves unanswered the question of whether or not a law enforcement officer or a police officer, when he sees what he thinks is a law violation or hears what he thinks is credible information that a fleeing suspect has been guilty of a felony, is entitled to immediately make a determination of probable cause and follow in pursuit and make the arrest. Undoubtedly the police officer is making a determination of probable cause, and he is not a neutral individual but is, in fact, under the wording of the opinion, "ferreting out crime". Must such law enforcement officer, therefore, desist in his pursuit and have a hearing before a disinterested magistrate as to whether or not probable cause exists before he makes the arrest? I submit the principle attempted to be used in the majority opinion is as applicable in the illustration given as in any of the others referred to in the majority opinion, except for the emergency. The law enforcement officer normally has to make an instant and quick

decision concerning probable cause, but he nevertheless does make a decision on probable cause, and it is not one made by a disinterested magistrate.

Finally, I point out that if this "right" to have a hearing on probable cause is constitutional, then under the decisions of the United States Supreme Court, viz.: *Miranda v. Arizona* (1966), 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 and *Escobedo v. Illinois* (1964), 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977, the suspect should be informed of the hearing, be told he is entitled to have an attorney and, it would follow, be entitled to introduce evidence if he so desired, and contest the hearing.

With all due respect to the members of the Court who have enunciated the principles in the majority opinion, I must say that the test of a sound legal principle is that in its extensions and application it reaches rational and sound results. In my opinion the principle reported here does not do that, but reveals its unsoundness and weakness in the irrational results which it reaches. The majority opinion will be reversed or will be so modified that it is substantially reversed by this Court eventually.

Instead of settling the procedures involved, the majority opinion creates even more confusion than the *Kinnaird* opinion—all because the whole basic assumption as to probable cause and the meaning of the constitutional provision is misinterpreted, is unsound, and is not supportable in its practical operations.

To hold an arrest warrant is illegal accomplishes no purpose unless as a result evidence obtained by such warrant is to be suppressed and not used at the trial. In this case there is no evidence involved with reference to the arrest and the question of the illegality of the issuance of the warrant is a moot question. We have the Court here stating: "we here express no opinion as to the validity" of the arrest made in this case, yet at the same time saying in substance no arrest

warrant may issue, although an affidavit has been filed by the person who saw the relator commit the crime, which shows more than probable cause and, in fact, shows a crime has been committed. We thus have the confusion resulting from the *Kinnaird* case, *supra*, compounded by the majority opinion.

To me there is much to be said by the public in criticism of cumbersome court procedures that have no real merit to support the same.

I dissent to the reasoning of the majority opinion, although I concur in the result reached that no writ should issue prohibiting the trial court from acting.

### DISSENTING OPINION

GIVAN, J.—I dissent from the majority opinion for the reason that it is based upon the law recently stated by a split decision of this Court in the case of *Kinnaird v. State* (1968), 251 Ind. 506, 16 Ind. Dec. 250, 242 N. E. 2d 500. The *Kinnaird* case held that an affidavit charging crime is not sufficient probable cause upon which to issue an arrest warrant. With this I do not agree. I think the requirements of the Constitution of the United States and the Constitution of Indiana are fully met when a sworn statement alleging a commission of a crime by a named person is submitted to a Court, and that Court may consider the affidavit as probable cause for the issuance of a warrant for the arrest of the accused.

The charging affidavit in the *Kinnaird* case is set out in the opinion and clearly shows that it is an affidavit on *personal knowledge*, whereas the authority cited in the opinion in support of the proposition that the affidavit is not sufficient is to the effect that "an affidavit upon *information and belief* and containing only affiant's conclusion upon probable cause is not of itself sufficient basis for a search warrant" (emphasis added). The above quote is taken from *Rohlf-*

*ing v. State* (1949), 227 Ind. 619, 88 N. E. 2d 148.

The majority opinion in *Kinnaird* also cited the case of *McCurry v. State* (1967), 249 Ind. 191, 12 Ind. Dec. 138, 231 N. E. 2d 227, and quoted the following language therefrom:

"The doctrines with reference to hearsay as set out in *Rholfing v. State, supra,* still remain the law in Indiana."

It is thus quite apparent from the examination of *Kinnaird* that the decisions cited therein are not authority for the holding that the affidavit is insufficient to show probable cause.

In the case at bar, while it is true that the affidavit recites on its face that it is made upon information and belief, it also shows on its face that the affiant is the person from whom the car was taken. The record before us shows he personally observed the relator take the automobile. It is thus apparent that the affidavit in this case was made by a person with personal knowledge of the facts stated therein and, therefore, as in the *Kinnaird* case, the Trial Court was thoroughly justified in finding probable cause upon which to issue a warrant for arrest.

For the above reasons I would overrule the *Kinnaird* decision and would deny the writ in this case.

However, inasmuch as the majority of this Court has seen fit to establish the principles set forth in the *Kinnaird* case as a part of the criminal law of this state, I feel that it is necessary that the comments of the majority opinion in this case be made in order to explain the rulings in the *Kinnaird* case and to serve as a guide to the judges and prosecuting attorneys of this state who are charged with compliance with the *Kinnaird* ruling.

NOTE.—Reported in 247 N. E. 2d 519.